291 So.2d 489 (1974)
CENTRAL LOUISIANA ELECTRIC COMPANY, INC., Plaintiff-Appellant,
v.
Mrs. Jean Bruce DAVIS, Defendant-Appellee.
No. 4442.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
Gahagan & Kelly by Russell E. Gahagan, Natchitoches, for plaintiff-appellant.
Whitehead & McCoy by Kenneth D. McCoy, Jr., Natchitoches, for defendant-appellee.
*490 Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge:
Plaintiff Central Louisiana Electric Company, Inc., appeals from a judgment condemning it to pay defendant Mrs. Jean Bruce Davis $5,010.80 pursuant to its expropriation of a 100 foot wide by 1257 foot long servitude for installation and operation of electric power lines. Mrs. Davis answers the appeal seeking an increase in damages. We affirm.
Mrs. Davis owns a tract of approximately 28 acres in Natchitoches Parish. The property is composed of approximately 20 acres of pasture land and 8 acres of hardwood timber. Her residence is located on this tract. Exhibit D-6 prepared by Davis' expert T. J. Stephens, depicts the dimensions and configuration of the land. 
*491 CLECO is expropriating the servitude depicted on the diagram for installation of "a 230 KV line to be built on double poles constructed in the form of an H frame . . .", and "a 34.5 KV line strung on single poles." (Tr. 4). CLECO additionally obtained the right to install numerous guy wires outside the servitude and the normal right of ingress and egress for regular maintenance throughout the life of the servitude. The taken area affected 2.88 acres, and passed within 190 feet of Mrs. Davis' residence and within 127 feet of her barn.
The amount of compensation to be awarded for the taking presents the sole issue before this court. CLECO contends that the award should be reduced to $446.40, while Mrs. Davis seeks a $2,819.67 increase to make the total award $7,830.47.
CLECO relies primarily on the $241.22 per acre valuation by its expert witness, Sam LaCaze, Jr., a licensed realtor. LaCaze opined that Mrs. Davis retained 70% of her rights to the property subject to the servitude since the property would still be available for grazing purposes. He found no severance damages and concluded that $210.00 would constitute just compensation for the entire taking. CLECO argues that Mrs. Davis has retained a 40% value in the taken tract, that no severance damages were established, and suggests a total award of $446.00.
Mrs. Davis produced two expert witnesses, T. J. Stephens and J. Clyde Miley. Stephens assigned two categories to the property, pastureland and homesite property. He described the highest and best use for most of the land as being pastureland and that of three areas in the southeast quadrant as being homesite property. Stephens valued the pastureland at $310 per acre, and the homesites at $1,500 per lot. Severance damages were assigned on finding the powerlines and guy wires reduced the value of the entire tract because they were unsightly, they interfered with landowner's use of her property, and because of the potential interference by CLECO's maintenance and repair crews. The presence of the poles and guy wires would make maintenance difficult and could constitute a hazard to grazing cattle. There was evidence from a landowner who lived in the vicinity of a similar high voltage line indicating that such lines produce an annoying noise which is heard some distance from the lines, and that the lines interfere with television reception.
According to Stephens, the taking of 2.057 acres of pastureland was worth $310 per acre for a total of $634.57; the taking of the .838 acres of homesite property was worth $1,618.00. The severance damages suffered by the homesite property (which were no longer available as homesites) was $2,237.20, and that suffered by the remainder of the property was a 15% reduction in valuation amounting to $3,349.20. Mrs. Davis thus relies on Stephens' testimony as proving a total loss of $7,838.97.
The trial court considered "the testimony of Mr. T. J. Stephens and Mr. Clyde Miley, Jr. to be relevant and forceful, and is of the impression that property near an electrical transmission line, such as is anticipated, would meet with sales resistance." Tr. 38. The trial court accepted Stephens' valuation of pastureland at $310 per acre and found that the highest and best use of the Davis tract was a combination of pastureland and three areas for homesites. The trial court concluded that construction of the lines across Mrs. Davis' property would decrease the value of her entire tract.
The trial court awarded $2,510.80 for the servitude and $2,500 for severance damage to Mrs. Davis' home, the three areas for homesites and the remaining property, for a total award of $5,010.80.
The trial judge's factual determination is entitled to great weight and will not be disturbed absent manifest error. See, Dakin & Klein, Eminent Domain in Louisiana, "Burden of Proof and Evidence," § 6. We fail to find manifest error *492 in the trial court's valuations and his finding that some of the property had a highest and best use as residential lots, and that severance damages resulted. Although CLECO's expert insisted upon a contrary view, there is an adequate basis for the trial judge's conclusion.
CLECO makes several specifications of error of law. It alleges that, as a matter of law, the taking of a servitude cannot result in an award of the land's value in full ownership. CLECO cites Louisiana Power & Light Company v. Roy, 198 So.2d 484 (La.App. 2 Cir. 1967); Louisiana Power & Light Company v. Greenwald, 188 So.2d 618 (La.App. 2 Cir. 1966); and CLECO v. Fontenot, 159 So.2d 738 (La.App. 3 Cir. 1964). These cases stand for the proposition that where the landowner retains some rights in the land taken, he will not receive full value for the taking.
A strict reading of these cases ignores the principle that each case must be decided upon its own merits. Jurisprudence also allows the full fee value of the area taken by the servitude, where supported by evidence. Veillon v. Columbia Gulf Transmission Company, 192 So.2d 646 (La.App. 3 Cir. 1966). See also, Louisiana Power & Light Company v. Anderson, 232 So.2d 822 (La.App. 2 Cir. 1970).
This apparent conflict can be resolved by a close examination of each of the cited opinions. Each case turned upon its own merits. CLECO attempts to reduce the award without pointing out how, in this particular case, the trial court committed manifest error in awarding the full fee value for the area taken by the servitude.
CLECO further alleges that the trial court erred as a matter of law in finding the highest and best use of the three acre southeast corner of the Davis property was residential. It cites in brief several cases which state that in order to constitute highest and best use as residential property for subdivision purposes, that purpose cannot be remote or speculative. Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491 (1959). The question of whether residential use is remote or speculative, however, is a question of fact. The trial judge was persuaded by the proximity of other residential areas, the location of a hard-surfaced road adjacent to the property, and Mrs. Davis' testimony as to the future use of lots. We find adequate support in the record for the trial court's conclusion that the lots could readily be sold as homesites.
Finally, CLECO alleges that as a matter of law, no severance damages should be allowed. It alleges that mere unsightliness cannot support an award for severance damages. We disagree. CLECO v. Mire, 140 So.2d 467 (La.App. 1 Cir. 1962). We see no reason for precluding intrinsic value as an element of damages, where adequately proven. Such awards must, however, be kept within sound discretion. Here, appearance was not the sole basis for the award of severance damages. Davis produced testimony to the effect that such power lines can produce considerable noise and television interference. There is the additional factor of the line virtually cutting the Davis property in two, the right of CLECO to enter the property to build an additional line and to maintain and repair all lines, and the fact that landowner is prohibited from building on the servitude which eliminated the homesite value of those three areas denoted homesites. It was established that other landowners had incurred substantial costs in cleaning up after the line was constructed. We find no error of fact or law in the award of severance damages.
Mrs. Davis answered the appeal seeking an increase in both taking and severance damages to $7,830.47. The crux of the Davis argument is that the trial judge should have accepted the valuation of the Davis experts in toto. We reject appellee's answer to the appeal for the same reasons assigned for rejecting appellant's argument. The trial court award is just and reasonable under the facts and circumstances *493 and is fully supported by the record.
The trial court judgment is affirmed. Costs of this appeal are taxed to plaintiff-appellant CLECO.
Affirmed.