348 So.2d 176 (1977)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
ALEXANDRIA VOLKSWAGEN, INC., Defendant-Appellee.
No. 6030.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
*177 D. Ross Banister, Chester E. Martin, Jesse S. Moore, Jr., Alva J. Jones, Johnie E. Branch, Jr., Bernard L. Malone, Jr., Baton Rouge, for plaintiff-appellant.
Gold, Hall, Hammill & Little by Charles S. Weems, III, Alexandria, for defendant-appellee.
Before HOOD, FORET and HEARD, JJ.
FORET, Judge.
This appeal is limited to the single issue of the extent of severance damages resulting from an expropriation by plaintiff-appellant, State of Louisiana, through the Department of Highways, from defendant-appellee, Alexandria Volkswagen, Inc. Pursuant to State Project No. 24-06-13, Federal Aid Project No. F-151(4), Fort Polk-Leesville Highway, on State Route La.-U.S. 171, on December 23, 1970, the Louisiana Highway Department expropriated a 0.143-acre tract in full ownership and a ten (10) by one hundred fourteen (114) foot right-of-way servitude along the front portion of the Alexandria Volkswagen, Inc. dealership, a 3.301-acre corner lot fronting La. Highway 71 (U.S. Highway 171) by 234.66 feet and adjacent to Louisiana Highway No. 1212 by 557.44 feet.
At trial, the parties hereto agreed as to the value of the land taken in full ownership and disputed as to the value of the servitude and the amount of severance damages. The trial court rendered judgment in favor of the defendant-landowner in the amount of $1,000.00 as the value of the servitude and $30,000.00 as the value of severance damages. (This severance damage award included $10,000.00 diminution in value of the subject tract and $20,000.00 as cost to cure the parking problem created by the taking.)
Normand Terry and Perry E. Futrell, expert appraisal witnesses testified on behalf of the expropriator Highway Department, and M. C. Bledston, III, manager of defendant dealership, two operators of other dealerships, and Hab Monsur, expert appraisal witness, testified on behalf of the landowner, Alexandria Volkswagen, Inc. All of the witnesses agreed that the subject property sustained severance damages as a result of the taking. All three appraisal witnesses opined that a reduction in parking area (four customer parking spaces and six spaces in the used car area) and congestion in the service lanes of the dealership were results of the taking. The witnesses for the defendant-landowner also listed the following as results of the taking: (1) loss of visual appeal and merchantability of the used car lot because its elevation would be some three feet above the highway; (2) congestion and traffic in service lanes as a result of customer parking between the used car lot and the showroom; (3) constant confusion for the public over the location of the customer parking area because it would be mixed in with both the used car and new car display area; (4) unmanageable visual obstruction of the used car area from the showroom; (5) increased and unacceptable distance of used car area from the showroom; (6) clogging of used car traffic lanes because of customers parking in access routes; (7) general loss of maneuverability and ease of access around the building.
*178 However, the methods of determining the extent of severance damages differed as among the expert appraisers. While both Futrell and Terry were of the opinion that the highest and best use of the subject tract remained a small car dealership, Monsur opined that it had changed to that of a retail establishment. Futrell and Terry proposed the construction of a parking area sixty-five feet in width and one hundred twenty feet in length on the property of defendant-appellee south of and adjacent to the subject tract. Monsur proposed the moving back of the dealership showroom.
Futrell employed a before and after appraisal technique. He determined that due to a loss in parking space and proximity of the showroom to the new right-of-way, the dealership had diminished in value by $10,000, and "corroborated" that finding with a cost to cure analysis. His analysis included a cost to fill, a cost to pave, and the cost of, the adjacent area. (He estimated that $12,173 was the cost of a new parking area.)
Terry used only a cost to cure approach in determining the amount of severance damages. His approach included only the cost to fill and the cost to pave, but did not include the value of, the adjacent acreage. He estimated that it would cost $9,400.00 to cure the loss of parking as a result of the taking.
Defendant-appellee's witness Monsur employed two methods of appraisal in arriving at a figure of the extent of severance damages. In appraising the before-the-taking status of the subject tract, he used a market value approach, and in the after-the-taking status, an income approach. (Monsur arrived at a figure of $87,115.00 as severance damages.) Employing the cost to cure approach to appraise the parking proposal of plaintiff, Monsur calculated that $20,000.00 would be required to replace the parking spaces lost as a result of the expropriation.
A landowner whose property has been expropriated for public purpose is entitled to just and adequate compensation in an amount sufficient to place him in as good a position pecuniarily as he would have been had his property not been taken. Article 1, Section 4 La.Const. of 1974. This just and adequate compensation includes severance damages which are defined as:
"The difference between the market value of the remaining property immediately before and immediately after the taking." State, Dept. of Highways v. Denham Springs Development Co., Inc. 307 So.2d 304, 307 (La.1975); State, Dept. of Highways v. Hoyt, 284 So.2d 763 (La. 1973); State v. Nisbet Properties, Inc., 309 So.2d 398 (La.App. 2 Cir. 1975); State, Dept. of Highways v. Wax, 295 So.2d 833 (La.App. 1 Cir. 1974), writ denied 299 So.2d 800, 802.
Severance damages are not presumed; they must be proved "with legal certainty by a preponderance of the evidence". State, Department of Highways v. Denham Springs Development Co., Inc., supra, 307 So.2d at page 307, and cases cited therein. The most commonly accepted and used approach for determining the amount of severance damage is the before and after method of appraisal.
"However, under certain exceptional circumstances the `before and after test' will not adequately compensate the owner for his damage and the courts will resort to the `cost to cure' method of computation, not for the purpose of restoration, but to gauge the diminution in market value as would be reflected in a lower purchase price that a well-informed buyer would be willing to pay". State, Department of Highways v. Neyrey, 260 So.2d 739 (La.App. 4 Cir. 1972), 260 So.2d at pages 744 and 745. (Emphasis added.)
We are of the opinion that the award of $20,000 made by the trial court as "cost of curing" damages caused to the defendant-landowner by the taking is manifestly erroneous under the facts and the law.
The "cost to cure" method of determining severance damages is never used except as a method of decreasing the amount of severance damages which would be due under the before and after rule.
*179 It is well settled that "cost to cure" is a proper measure of severance damages only when it does in fact place the landowner in as good a position as he enjoyed prior to the taking, and is less than the decrease in market value otherwise caused; or where the reduction in market value approach will not adequately compensate the landowner. State, through Department of Highways v. Neyrey, supra; State, Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1 Cir. 1971); State, Dept. of Highways v. Wax, supra.
At trial of this case, it was stipulated between the parties that the value of the land taken was $3,150.00, and that the improvements, including parking spaces, on the land taken had a value of $5,300.00, for a total of $8,450.00. The trial court made an award in its judgment, in accordance with the said stipulation. We are of the opinion that if we should require the plaintiff to pay the defendant an additional sum for the cost of replacing the parking spaces taken, we would be requiring the plaintiff to pay defendant twice for the same taking. For these reasons, we are of the opinion that the trial court erred in the awarding of $20,000.00 for cost of cure, and hold that the defendant-landowner is not entitled to anything for cost of cure inasmuch as he has already been adequately compensated for the taking of improved parking spaces.
The trier of facts, the trial judge, accepted the figure of $10,000 as diminution in value as a result of the taking. As this ruling is substantially corroborated by the facts and expert testimony in this case, it shall be affirmed. State, Dept. of Highways v. Denham Springs Development Co., Inc., supra; Louisiana Power & Light Co. v. Churchill Farms, Inc., 292 So.2d 183 (La. 1974).
In accordance with the foregoing reasons, the judgment of the trial court is amended to reduce its award from $39,450.00 to $19,450.00. In all other respects the judgment of the trial court is affirmed.
Costs of this appeal are to be borne by defendant-appellee, Alexandria Volkswagen, Inc.
AMENDED AND AFFIRMED.