414 So.2d 1281 (1982)
Elbert A. SMITH, Plaintiff-Appellee-Appellant,
v.
LUMBERMEN'S MUTUAL CASUALTY CO., et al.,
Defendants-Appellants-Appellees.
No. 8682.
Court of Appeal of Louisiana, Third Circuit.
March 17, 1982.
Rehearing Denied May 10, 1982.
Writ Denied July 2, 1982.
William J. Doran, Jr., Baton Rouge, for defendant-appellant-appellee.
Trimble and Associates, Lon P. Wilson, Alexandria, for plaintiff-appellee.
Kramer & Laird, Martin Laird, III, Alexandria, for plaintiff-appellee-appellant.
Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, for appellant.
Gist, Methvin, Hughes & Munsterman, John W. Munsterman, McLure & McLure, John G. McLure, Alexandria, for defendants-appellees.
*1282 Before CULPEPPER, GUIDRY and STOKER, JJ.
STOKER, Judge.
For the reasons stated in the companion case of Bialy v. State of Louisiana, Through the Department of Transportation and Development, 414 So.2d 1273 (La.App. 3rd Cir. 1982), in which we render a separate opinion on this date, the judgment of the trial court in favor of Smith against the State of Louisiana, through the Department of Transportation and Development, is affirmed. The judgment dismissing Smith's claim against Baily and his insurer, Lumbermen's Mutual Casualty Company, is affirmed. The trial court's judgment in favor of the intervenor, United States Fidelity and Guaranty Company, for the medical and compensation benefits it has paid or will pay to Smith is also affirmed.
The issues of the causation of Smith's damages and of the amount of the award to Smith are discussed below.
The State argues that Smith's disability does not stem from the accident, but from a pre-existing condition known as Marie Strumpell arthritis. Smith answered the State's appeal, asking that the award for loss of earnings be increased from $300,000 to $500,000, and that we award to him the costs of this appeal.
Smith's continuing medical problems since the accident include pain in both knees and in his left leg which forces him to use crutches to walk. Smith also suffers from a severely restricted ability to expand his chest which has increasingly worsened since the accident. He must use his abdominal muscles to breath which causes shortness of breath. In the opinion of Dr. Banks, Smith's treating orthopaedic surgeon, Smith is totally disabled and his condition is unlikely to improve.
Dr. Banks found evidence from x-rays that Smith had previously suffered from Marie Strumpell arthritis, a condition which is evidenced by the calcification of interspinous ligaments and which usually leaves some stiffness or restricted motion in the joints involved. According to Dr. Bank, however, this particular form of arthritis typically begins in young men between the ages of 23 and 25, and is normally not acute in men past the age of 30. Smith was 45 at the time of the accident, and, in Dr. Bank's opinion, his disease was "burnt out" and had run its course by that time. While Dr. Banks did not know of any scientific basis for stating that Marie Strumpell arthritis is aggravated by trauma for the reason that the etiology of the disease is still unknown, he did state that in his experience with approximately fifty cases of the disease, he had never seen such rapid deterioration due to the progression of Marie Strumpell arthritis as experienced by Smith in anyone of Smith's age. In fact, Dr. Banks stated that he did not believe that Smith's present condition was attributable solely to Marie Strumpell arthritis, but he did state that the trauma of the accident or the period of forced inactivity due to the trauma was a likely cause of Smith's problem.
Under these circumstances, the trial court was not clearly wrong in concluding that Smith would not be in his present condition but for the accident, despite the pre-existing arthritis. Therefore, we affirm the trial court's finding that the State is liable for Smith's damages.
The trial court made the following awards to Smith:

Past and future medical expenses $ 30,000.00
Loss of past and future earnings 300,000.00
Suffering and disability 200,000.00
 ____________
 TOTAL $530,000.00

The State contends that the trial court erred in awarding "an excessive amount of damages to both plaintiffs" but did not present in its brief any argument for the reduction of Smith's award except for its contention that Smith's disability is due to a pre-existing condition. We have discussed this argument above. Smith concedes that the award for general damages was within the trial court's discretion, but contends that the award for loss of past and future earnings should be increased to not less than $400,000.
Dr. Rice, an economics expert, gave two estimates of Smith's past and future loss of earnings: one based solely on Smith's last *1283 full year of wages in 1977 and another which includes the yearly increase in wages which Smith could expect based on the amount earned in the last ten weeks before trial by the salesman who had replaced Smith on Smith's former delivery route. The reliability of this new salesman's earnings as an indicator of increases in earnings which Smith would have received was sharply contested at trial.
The figure given by Dr. Rice representing the total of past and future loss of wages based on Smith's 1977 earnings using a projected work-life expectancy of 16.1 years is $395,150. The trial court awarded $300,000 to Smith for loss of past and future earnings. While the trial court might well have awarded a greater amount for wage loss based on the expert testimony, the amount actually awarded is within the trial court's wide discretion. LSA-C.C. art. 1934(3); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979). On the basis of these authorities we are unable to conclude that the trial court abused its discretion in this regard.
The trial judge is not bound by expert testimony but may weigh the testimony of expert witnesses in the same manner as he would any other evidence. Smith v. Andrepont, 378 So.2d 479 (La.App. 1st Cir. 1979), writ denied, 380 So.2d 102 (La. 1980); and Necaise v. Vicknair, 391 So.2d 1347 (La.App. 4th Cir. 1980). The trial court's assessment of the weight and credibility to be given expert testimony will not be disturbed unless found to be clearly erroneous. Guidry v. Davis, 382 So.2d 250 (La. App. 3rd Cir. 1980). The award granted by the trial court to Smith, while it does not exactly agree with any of the figures given in the expert testimony, is nevertheless a reasonable figure based on that testimony and will not be disturbed on appeal.
AFFIRMED.