KNOLL, Judge.
Gary McQuiston filed suit against Larry Simon seeking damages for the improper construction of a concrete driveway. The trial court dismissed McQuiston’s demands finding that he failed to prove his case by a preponderance of the evidence.
McQuiston appeals contending the trial court erred in holding that Simon’s failure to use reinforcing wire and to pour a slab of less than four inches did not constitute bad workmanship; and further, finding that the driveway was suitable for the purposes for which it was constructed.
We affirm, finding the evidence presented a reasonable factual basis for the trial court’s finding, and in absence of manifest error, its finding will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In late 1979 Simon orally contracted to construct a house and concrete drive for McQuiston. No detailed plans and specifications, other than a floor plan which showed room dimensions, were provided to Simon. The construction of the driveway was left totally to Simon’s discretion.
On December 14, 1979, McQuiston’s father moved into the house Simon constructed. Cracks began appearing in the concrete driveway within one year. At the time of trial the cracks ranged in width from one-half inch to one inch. McQuiston informed Simon of the cracks and made demand upon Simon to repair the driveway. Simon refused contending that the cracks in the cement were not caused by his workmanship.
In every building contract it is implied that the builder’s work be performed in a good, workmanlike manner, free from defects either in materials or workmanship. An owner seeking to hold a contractor liable for defects in construction must show that the ruin was due to faulty materials or workmanship, and must prove his case by a preponderance of the evidence. LSA-C.C. Arts. 2762, 2769; Liberda v. Acadiana Roofing & Sheet Metal, 427 So.2d 504 (La.App. 3rd Cir.1983); Nichols Ford Co., Inc. v. Hughes, 292 So.2d 345 (La.App. 2nd Cir.1974).
There was conflicting testimony regarding the quality of Simon’s workmanship in constructing the concrete driveway. Terrell Hussers, an expert concrete finisher, testified that the job done by Simon fell below workmanlike standards. He stated that the slab should have been no less than four inches thick and that reinforcement wire should have been used.
J.J. Champeaux was accepted by the court as an expert in architecture. . He testified that wire reinforcement in driveways is not required by the Lake Charles City Code, and because of the soil conditions of southwest Louisiana, wire mesh will not prevent cracking in driveways.
The trial court is in the best position to evaluate the credibility of witnesses. Liberda, supra. The trial court’s assessment of the weight and credibility of expert testimony will not be disturbed on appeal unless it is found to be clearly erroneous. Smith v. Lumbermen’s Mutual Cas. Co., 414 So.2d 1281 (La.App. 3rd Cir.1982), writ denied, 417 So.2d 367. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Champeaux observed that the cracks in McQuiston’s driveway were abnormally large and were caused by upward and downward pressure on the middle section and edges of the driveway. He opined that the differential pressure could have been caused by natural soil conditions, i.e., tree roots beneath the driveway, excessive moisture or excessive drought. Further he thought that a heavy load on the driveway *273 in conjunction with any of the natural soil conditions could likewise have caused the cracking. McQuiston testified that during a twenty inch rain, when water was halfway up the driveway, a 6600 pound mobile home toter was parked on the driveway for approximately fifteen minutes. Cham-peaux noted that the combination of this weight with the excessive rainfall was sufficient to create pressure to crack the concrete. Champeaux concluded that because of the abnormal pattern of cracks, the thickness of the concrete had no bearing on the driveway strength, and, although wire mesh would have minimized the cracking, it would not have prevented its occurrence. Champeaux stated that unless he had prior knowledge that the soil on which a driveway was going to be placed was subject to excessive and receding moisture, he would not specify the inclusion of wire reinforcement in a driveway.
Finally, although McQuiston presented photographs and testimony that characterized the driveway as cosmetically blemished, there was no proof that the driveway was unsuitable for the purposes for which it was constructed.
The trial judge found that McQui-ston failed to establish by a preponderance of the evidence that Simon’s workmanship was the cause of the cracking. The trial court’s findings of fact and credibility are entitled to great weight; in the absence of manifest error, its findings will not be disturbed on appeal. Arceneaux, supra.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Gary McQuiston.
AFFIRMED.