460 So.2d 755 (1984)
The CITY OF LAFAYETTE, Plaintiff-Appellee,
v.
Solange Sue DORE, Defendant-Appellant.
No. 84-2.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*756 Ronald J. Judice of Mouton, Roy, Lafayette, for defendant-appellant.
Voorhies & Labbe, E. Gregory Voorhies and H. Edwin McGlasson, Jr., Lafayette, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff, City of Lafayette, instituted this expropriation suit against defendant, Solange Sue Dore, to obtain a necessary portion of defendant's front yard for the construction of a four-lane highway. The trial court granted plaintiff's expropriation and awarded defendant compensation for the land and improvements, and severance damages. Defendant appeals, contending that the trial court erred in failing to consider the loss of several trees and shrubbery in arriving at severance damages to the remainder of the property. We hold that the diminution of value caused to defendant's remaining property by the loss of the trees and shrubbery should have been accounted for in the award of severance damages, and we amend the judgment accordingly.

FACTS
In this case, the City of Lafayette seeks to expropriate a large segment of defendant's front yard comprising .066 of an acre for the purpose of constructing a four-lane highway. Defendant's residence and lot is situated on Teurlings Drive, a two-lane road. There are trees which line Teurlings Drive in either direction from defendant's residence.
Defendant's existing lot is approximately one (1) acre, with a frontage of 103 feet. At present, the residence is shielded from the existing two-lane road by shrubbery and is "framed" by a large pecan tree and a smaller pecan tree on either side of, and in front of the residential lot.
The expropriated right-of-way takes in approximately thirty-five (35) feet in depth on one side line and twenty-four (24) feet in depth on the other side line, leaving the new right of way approximately fifty (50) feet from defendant's house. The taking also includes the large and small pecan trees, a smaller live oak tree, and the border shrubbery across the front. The front yard is substantially reduced in size by this taking.
The trial judge granted the expropriation in favor of plaintiff and awarded defendant the following compensation and severance damages:

*757
1) Compensation For Taking:
 a) Concrete drive ................. $1,003.20
 b) Shell drive .................... 99.00
 c) Landscaping .................... 500.00
 d) Value of land taken ............ 4,660.00
 _________
 TOTAL ................. $6,262.20
2) Severance Damages ................... $8,000.00
3) Attorney Fees ....................... $2,000.00

Defendant was also awarded legal interest from the date of the filing of the suit.
The trial court award for compensation for the taking of defendant's land and improvements thereon and trees and shrubs is undisputed on appeal. Defendant appeals, contending that the award of severance damages is inadequate because the trial judge failed to consider the loss of value to the remainder of defendant's property caused by the removal of the trees and border shrubbery. The trial court's award of $8,000 for severance damages was based solely upon the decline in the market value of the defendant's remaining property caused by the effect of the new highway.

ISSUE
The issue presented on appeal is whether the trial court erred in failing to consider the effect of the loss of the trees and shrubbery on the value of defendant's remaining property in assessing severance damages.

SEVERANCE DAMAGES: LOSS OF TREES AND SHRUBBERY
In addition to compensation for property taken, see Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541 (1954); Louisiana Power & Light Company v. Dixon, 201 So.2d 346 (La.App. 2nd Cir.1967), the land owner is also entitled to compensation for damages to the remaining property caused by the taking. This element of recovery is commonly referred to in our law as severance damages. Severance damages include the decline in value of the remaining property caused by the use to which the taken property is put. Texas Pipeline Company v. Barbe, 229 La. 191, 85 So.2d 260 (1955). In this case, the $8,000 award for severance damages represents the diminution in value of defendant's remaining property caused by the four-lane highway, which is the use for which the land has been expropriated.
The determination of severance damages must be made on the basis of the entire difference between the fair market value of the remainder of the property before the taking and the fair market value of the property subsequent to the taking. Southwest Louisiana Electric Mem. Corp. v. Beck, 299 So.2d 411 (La.App. 3rd Cir.), writ denied, 302 So.2d 30 (La.1974). Where the loss of aesthetic considerations serves to reduce the market value of the remainder of the property, they certainly may be considered in determining the amount of severance damages to be awarded. Central Louisiana Electric Company, Inc. v. Davis, 291 So.2d 489 (La.App. 3rd Cir. 1974).
In State, Department of Highways v. Moresi, 189 So.2d 292 (La.App. 3rd Cir. 1966), we held that an award of $5,000 in severance damages was proper for the loss of four shade trees insofar as their loss and removal occasioned a reduction in the market value of the landowner's remaining tract. That decision establishes that trees, on expropriated property, which added to the market value of the landowner's remaining tract, should be included in the trial judge's assessment of severance damages.
Defendant's property, before the taking, had an estimated value of $160,000. In determining severance damages, the trial judge based the award of $8,000 on defendant's appraisers' percentages of diminishment in the market value of the property because of the road project and its detrimental effect on the market value of the property. Edward Mouton and J. Alfred Mouton, Jr., assessed severance damages at fifteen percent (15%) of the market value of the home. This resulted in a net decrease of the property value of $23,200. Plaintiff's appraisers, following the appraisal guidelines set for them by the city, refused to consider severance damages and *758 therefore did not offer an estimate of the decline in market value of defendant's remaining property. The trial court then asked both of defendant's appraisers if they could apportion their 15% severance damage figure by specifying what portion of the 15% would be attributable to the "effect" of the new highway on the property, and what portion would be attributable to the loss of the trees. J. Alfred Mouton, Jr. assigned 10% of the remaining property's diminished value to the loss of trees and shrubbery and 5% to the roadway and its detrimental effect on the property. The trial judge awarded only 5% of the market value of the home and property to defendant as severance damages attributable solely to the effect of the new highway. This award was rounded off by the court to $8,000. It did not include severance damages enuring from the loss of the trees and shrubbery. The trial court awarded $500 to defendant for the taking of landscaping. This apportionment was designated by the trial court as a compensatory sum for the actual taking of the trees and shrubbery. We shall now review the record to determine whether the trial judge abused his discretion by failing to consider the loss of the trees and shrubs in his assessment of severance damages.
The record reveals that plaintiff's appraisers, Gene Cope and Maurice Chappuis, both opined that severance damages were not due in this case. Conversely, as stated above, defendant's experts concluded that the remaining property's value would decrease by 15%;, one of which attributed only 5% of this amount solely to this effect of the new highway.
The trial judge stated:

"For severance, the Court feels that there will no doubt be a loss because of the loss of the trees and shrubs, but this loss is accounted for in the landscaping award of $500.00. While that award may be low, I have no evidence before me as to what would be a proper award for landscaping, so I'm bound by that figure, and accordingly, I'll award it. I award no severance damages for the loss of the trees and the shrubs. Mr. J. Alfred Mouton, Jr. testifies that of the severance damages to which he testified, five (5%) of the fifteen percent (15%) is attributable to the street, approximately one-third (1/3). I, therefore, award one-third (1/3) of the amount he testified to. He testified to $23,200.00. I award slightly better than one-third (1/3) by rounding the figures off to $8,000.00 for severance."
(emphasis added).
First, it should be noted that the trial judge clearly found that there would be a diminution in the value of defendant's remaining property because of the loss of the trees and shrubbery. The trial judge then states that the $500 compensation for the taking of the trees and shrubbery also, in effect, covers the severance damage caused to the remainder of defendant's property by the removal of the trees and shrubbery. However, the trial judge next just as clearly states that he "awards no severance damages for the loss of the trees and the shrubs." The trial judge later explained: "I did not award you any severance for the loss of the trees. Instead, I give you the $500.00 figure. Now, if you want to appeal that, maybe the Court will give you something on that."
This portion of the judgment is, at best, confused. If the trial judge meant to enter no award for the damage caused to the remainder of plaintiff's property by the loss of the trees and shrubbery, then the trial judge erred, because he should have entered some award for damages after finding, in fact, that the remaining property would be damaged by the loss of the trees and shrubbery. On the other hand, if the trial judge meant to substitute the $500 compensation award for the taking of the trees and shrubbery as the appropriate award for severance damages caused by the loss of the trees and shrubbery, then the trial judge erred by not awarding damages for the taking of the shrubs and trees, inasmuch as these plants represented landscaping expenses on the part of defendant or added to the value of the expropriated *759 portion of defendant's property. In either event, defendant was inadequately recompensed for her loss. Even if we assume that the $500 covers both severance and taking damages, we must find that the award is manifestly inadequate, in light of the evidence presented at trial. The city's experts, following city policy, refused to offer any estimate of severance damage of any manner, including severance damage caused by the loss of the trees and shrubs. Defendant's experts apparently offered credible estimates as to all elements of severance damages. We note that the trial judge fully accepted defendant's expert's estimate of damages caused by the use to which the land would be put.
We conclude that, based on a fair reading of the record as a whole, the trial judge simply failed to award any severance damages for the loss of the trees and shrubs. This was error, because after the trial judge found that the remainder of defendant's property would be damaged by the loss of the trees and shrubs, some award should have been made. The removal of the trees and shrubs results in the taker's obligation to compensate both for the taking thereof, and for the damage caused to the remainder of the property, under the above-discussed law of this state. See also State of Louisiana, Dept. of Transp. and Dev. v. Taylor, 461 So.2d 1282 (La.App.3d Cir.1984). Five hundred dollars is a fair and just award for the taking. For severance damages, defendant offered credible evidence that both the removal of the trees and shrubs and the use to which the land will be put will result in a total diminution of the value of defendant's remaining property by $23,200. There is no evidence that disputes the amount of this estimate.

DECREE
Based on the above reasons, we amend the judgment of the trial court as follows: It is ordered, adjudged, and decreed that the amount of the judgment below representing severance damages be increased to a total of $23,200, which includes severance damages for the loss of trees and shrubs. Defendant's prayer for additional attorney fees for handling this appeal is denied. In all other respects, the judgment below shall remain unchanged. All costs of this appeal are assessed to plaintiff-appellee City of Lafayette.
AMENDED AND AFFIRMED AS AMENDED.