KNOLL, Judge.
The Gravity Drainage Board No. II of Allen Parish (hereafter Drainage Board) appeals an adverse judgment in favor of Fred Rester awarding him damages to his property caused when the Drainage Board, acting under the authority of LSA-R.S. 38:113, excavated an existing drainage canal and cleared trees on either side of the canal in October 1980. At trial, all facts were stipulated and all parties agreed that Rester was entitled to recover damages. Judgment was rendered in Rester’s favor for $6000.
The sole issue on appeal is the amount of damages awarded. The Drainage Board contends that Rester’s property was not damaged or, in the alternative, that the trial court's award was excessive. Rester has answered the appeal asking for an increase of the damage award. We affirm.
Trial of this matter rested on the following stipulations:
1.Fred Rester is the owner of the property that was damaged.
2. In October 1980 the Gravity Drainage Board No. II of Allen Parish, Louisiana dredged a lateral drainage canal on Rester’s property without his written permission or consent and without an expropriation proceeding.
3. Gravity Drainage Board No. II owes Rester damages for its actions on Rester’s property in an amount to be determined by the trial court.
4. The Drainage Board’s widening of the drainage canal was beyond the existing banks or sides of the canal immediately before the taking.
5. An additional ten (10) acre tract belonging to Rester has been severed from the remainder of his property as a result of the widening of the drainage canal.
Rester further submitted photographs of the property as well as an appraisal of the property. In rebuttal, the Drainage Board submitted its own appraisal of Rester’s property.
DAMAGES
Rester is entitled to recover damages because the Drainage Board stipulated at trial to pay damages in an amount determined by the trial court.
LSA-R.S. 38:113 provides:

“The various levee and drainage districts shall have control over all public drainage channels within the limits of their districts and for a space of one hundred feet on each side of the channel, selected by the district and recommended and approved by the Department of Public Works, whether the drainage channels have been improved by the levee or drainage district, or have been adopted without improvement as necessary parts of or extensions to improved drainage channels, and may adopt rules and regulations for preserving the efficiency of the drainage channels. ”

In Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982), the Louisiana Supreme *884 Court recognized that a local governing body could utilize R.S. 38:113 to send workers and equipment on to private property to prevent obstruction of public drainage channels and perform ordinary maintenance necessary for the efficient' operation of those channels, but expressly held R.S. 38:113 did not authorize the taking or damaging. of private property without just compensation or without due process of law.
In Gray v. State, Department of Highways, 250 La. 1045, 202 So.2d 24 (1967), the Louisiana Supreme Court discussed the proper measure of damages in an appropriation case and stated:
.. the constitutional guarantee of adequate compensation to the owner vouchsafes paymertt of the price to which a willing seller and purchaser would agree in tKe case of a voluntary sale and this is exactly the measure of compensation — market value of the property and severance damages — to be applied in condemnation proceedings. And it makes no difference in determining the amount to be awarded that the property was appropriated■ and not formally expropriated. ”
In addition to compensation for property taken, the land owner is also entitled to severance damages, i.e., compensation for damages to the remaining property caused by the taking. City of Lafayette v. Dore, 460 So.2d 755 (La.App. 3rd Cir.1984). Severance damages include the decline in value of the remaining property caused by the use to which the taken property is put. Texas Pipe Line Company v. Barbe, 229 La. 191, 85 So.2d 260 (1955).
The trial court’s determination of the value of appropriated property is a question of fact. See Faustina Pipe Line Co. v. Broussard, 450 So.2d 17 (La.App.3rd Cir.1984), writ denied, 452 So.2d 172 (La.1984). The trial court must determine the weight given the testimony of competing expert witnesses. Acadian Heritage Realty v. City of Lafayette, 434 So.2d 182 (La. App. 3rd Cir.1983), writ denied, 440 So.2d 733 (La.1983). Although expert testimony is an aid to the trial court, such testimony is not binding. Acadian Heritage Realty, supra.
The trial court ruled on this case on stipulations, photographs and written appraisals. The appraisals are diametrically opposed: Rester’s appraiser determined his damages as $13,145; the Drainage Board’s appraiser found no damage to Rester’s property. We have conducted an independent review of the record and find that the stipulations do not shed light on whether the trial court’s award is either excessive or inadequate. However, from our review of the evidence we cannot say that the trial court abused its wide discretion in its assessment of damages. See Woodard v. George Cole Chevrolet, Inc., 444 So.2d 1367 (La.App. 2nd Cir.1984). Therefore, we find that the record supports the trial court’s award of $6000 to Rester.
For the foregoing reasons, the judgment of the,trial court is affirmed. Costs of this appeal are assessed against Gravity Drainage Board No. II of Allen Parish.
AFFIRMED.