KNOLL, Judge.
In this expropriation proceeding, the State of Louisiana, Department of Transportation and Development (hereafter DOTD) appeals the judgment of the trial court which awarded severance damages to Daniel Regard, Margaret B. Regard, Joseph Regard, and Julie B. Regard (hereafter the Regards) for 444.099 acres of property landlocked by 1-49. The trial court awarded the Regards severance damages of $31,961.75, together with $23,435 to restore access to the property, court costs, attorney’s fees of $13,849.19, and legal interest on all sums from the date of DOTD’s filing of the expropriation action.
DOTD contends that the trial court erred in awarding: (1) severance damages because the Regards failed to prove their damages by a preponderance of the evidence; (2) a sum as part of the severance damages which represented the cost of curing the lack of access to the remainder of the Regards’ property; and (3) legal interest on the amount of attorney’s fees awarded.
*1176 Although the Regards answered the appeal seeking an increase in severance damages, in brief they withdrew their answer to the appeal. Therefore, we will not address the answer to the appeal.
FACTS
On November 19, 1982, DOTD expropriated 56.15 acres of land from a 1,365 acre tract in Natchitoches Parish for the construction of 1-49. The Regards collectively own 21.36% of the total tract. The Regards filed an answer on December 5, 1982, making a judicial demand seeking additional severance damages, compensatory damages, and attorney’s fees. The other owners of the property are not parties to this litigation.
At the time of expropriation, DOTD deposited $9,596.76 into the registry of the court; this figure represented the Regards’ interest in the property based on a value of $800 per acre. It was agreed upon at trial that the valuation of the property before the taking was $800 per acre. The major issue at trial on the merits was the severance damage to the remaining acreage.
The expert testimony established that after taking the 56.15 acres, 864.751 acres remained north of 1-49, and 444.099 acres remained south of 1-49. Unlike the acreage to the north of 1-49 which is accessible from Louisiana Highway 1, the 444.099 acres to the south is inaccessible, and DOTD did not propose to provide an alternative access.
SEVERANCE DAMAGES
DOTD first contends that the Regards failed to prove by a preponderance of the evidence that they were entitled to severance damages to the remainder of their property and, even if proven, the trial court erred in awarding the Regards $23,435 to restore access to the property located south of 1-49.
Severance damage in an expropriation case may be defined as a diminution in the value of the landowner’s remaining, unexpropriated property or the use to which the expropriated property is put. Faustina Pipe Line Co. v. Hebert, 469 So.2d 483 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1295 (La.1985). The determination of severance damages must be made on the basis of the entire difference between the fair market value of the remainder of the property before the taking and the fair market value of the property subsequent to the taking. City of Lafayette v. Dore, 460 So.2d 755 (La.App. 3rd Cir.1984). Moreover, it is important to note that the landowner is entitled to compensation to the full extent of his loss. State of Louisiana, through the Department of Highways v. Hayward, 243 La. 1036, 150 So.2d 6 (La.1963).
If an expert is qualified to testify to the valuation of the property, the weight of that expert’s testimony depends on the fact finder’s assessment of his logic, consistency, reasonableness, and credibility. It is distinctly within the province of the trial court to assess the credibility of expert witnesses and the weight to assign to their testimony. City of Lafayette, supra. An appellate court will not disturb the trial court’s evaluation of expert testimony and the conclusions drawn therefrom in the absence of manifest error. Smith v. Lumbermen’s Mut. Cas. Co, 414 So.2d 1281 (La.App. 3rd Cir.1982), writ denied, 417 So.2d 367 (La.1982).
It was undisputed at trial on the merits that the property in question was under a long term lease to Williamette Industries, Inc. for timber production. The record further shows that although leased for timber production, the Regards retained the rights of ingress and egress to their entire property, as well as the right to withdraw up to 10% of the acreage should they wish to sell part of it. Moreover, the Regards testified that their lease to Williamette provided that they may have a commercial hunting/fishing club with no more than twenty members who could utilize the entire tract for recreational and hunting purposes.
James McNew, one of DOTD’s expert appraisers, based his initial valuation of the property in question ($800 per acre both prior to and after the taking) on the misapprehension that none of the property had *1177 access to a public road prior to the taking. Contrary to McNew’s understanding, it was unrefutted at trial that the 1,356 acres were accessed via Louisiana Highway 1 prior to the taking, and that after DOTD’s expropriation, all of the acreage south of 1-49 was left without access. Even though McNew admitted at trial that his initial understanding was incorrect, he nonetheless testified that after reviewing comparable landlocked sales for timberland, this would not have lowered his appraisal of the property in question after DOTD’s expropriation. Another appraiser for DOTD, R.J. Fulco, concurred in McNew’s assessment.
On the other hand, Randy LaCaze testified as an expert real estate appraiser for the Regards. LaCaze stated that the 1-49 taking and construction completely severed the access from the north via Louisiana Highway 1 and Natchitoches Parish Road # 811 into the southern portion of the property. Based on the property’s inaccessibility, LaCaze opined that the use of the property for hunting and recreational purposes would be limited by the availability of access from neighboring landowners, and eliminated if that access was unobtainable. Furthermore, LaCaze stated that the inability to access the property would likewise adversely affect a potential purchaser of the tract. On this basis, LaCaze looked at comparable landlocked sales, and determined that the value of the property was diminished from $800 an acre to $460 an acre after the taking. Therefore, LaCaze concluded that the Regards were entitled to $31,961.75 for their 21.36% ownership interest in addition to the $11,408.50 already paid by DOTD.
The appellate decisions of this state have consistently recognized that the loss of access is a critical factor in the evaluation of damage to property caused by a partial expropriation. State v. Bernelle, 203 So.2d 777 (La.App. 2nd Cir.1967); State, Dept. of Transp. & Dev. v. Walter, 527 So.2d 563 (La.App. 3rd Cir.1988). Where immovable property is expropriated for the development of a controlled access facility, the loss of access rights is a part of the landowner’s severance damage. State, Dept. of Transp. & Develop, v. Taylor, 461 So.2d 1282 (La.App. 3rd Cir.1985), writs denied, 464 So.2d 1382, 1383 (La.1985). Likewise, it is well settled that severance damages must be shown to a reasonable certainty and must not be too remote or speculative for the mere possibility of severance damages is an insufficient basis for an award. Id. at 1284.
On the basis of the aforementioned evidence, we find no error in the trial court’s rejection of McNew’s and Fulco’s appraisal reports, and its reliance on La-Cazes’. The Regards detailed the objections of their neighboring landowners (to the south) of their undesirability to cross through their hunting club land to access the landlocked property at issue. In addition E.J. Geiring, an engineer for the Regards, testified about the cost of constructing an access road to the property south of 1-49, and LaCaze estimated the cost of obtaining rights-of-way for the 8.73 acres that would be required. LaCaze further pointed out that the Regards and their hunting club members would have to travel an additional 8.5 miles on public roads to reach the best location for the proposed new access road. Therefore, after carefully reviewing the record, we find that the trial court was not manifestly erroneous in concluding that the Regards were entitled to severance damages because the property was landlocked and in assessing severance damages in the amount of $31,961.75.
As stated hereinabove, the trial court also awarded the Regards $23,435[1] to restore access to the property. DOTD contends that this was manifestly erroneous, *1178 and on appeal counsel for the Regards concedes such.
After thoroughly researching the issue presented, we find that the trial court’s award of an additional $23,435 was clearly wrong. See St. Through Dept. of Hwys. v. Alexandria, Etc., 348 So.2d 176 (La.App. 3rd Cir.1977). LaCaze testified that the cost to actually provide the Regards with access would exceed the severance damages; thus the Regards were only entitled to the severance damages. Therefore, we amend the judgment of the trial court to delete this additional award, and adjust the 25% award of attorney’s fees accordingly.
INTEREST AWARDED
DOTD, relying on State, Dept. of Transp. & Develop, v. Taylor, supra, next contends that the trial court erred in awarding legal interest on the attorney’s fees in favor of the Regards.
At the time of our decision in Taylor, there was no specific provision in either LSA-R.S. 48:453 or 48:455 which authorized awarding interest on attorney’s fees. In the meantime, the Louisiana legislature amended LSA-R.S. 48:455 as follows:
“If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment.” (Emphasis added.)
This amended statute has been applied in similar circumstances where the trial court judgment was rendered after the effective date of the amendment. State, DOTD v. McClendon, 552 So.2d 1220, 1221 (La.App. 5th Cir.1989), writ denied, 556 So.2d 38 (La.1990). On the basis of this amendment which became effective on September 9, 1988, we find that the trial court should have awarded legal interest on the award for attorney’s fees from the date of judgment. Since the trial court in the case sub judice awarded interest from the date of judicial demand, we amend the judgment to award legal interest on the attorney’s fees from December 14, 1988, the date of judgment.
For the foregoing reasons, the judgment of the trial court is recast as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of DANIEL REGARD, MARGARET BO-NIN REGARD, JOSEPH REGARD and JULIE BERNARD REGARD and against the STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT in and for the full sum of $31,961.75, with legal interest from the date of judicial demand (December 5, 1982) until paid. See State, DOTD v. McClendon, supra.
IT IS FURTHER ORDERED, ADJUDGED, and DECREED that there be judgment in favor of DANIEL REGARD, MARGARET BONIN REGARD, JOSEPH REGARD and JULIE BERNARD REGARD and against the STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT for attorney’s fees in the amount of 25%, said attorney’s fees being fixed in the amount of $7,990.43, together with legal interest from December 14, 1988, until paid.
IT IS FURTHER ORDERED, ADJUDGED, and DECREED that in all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against DOTD.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.

. In making this award the trial court rejected LaCazes’ estimate of 140,155 as the cost to restore access to the site; instead, it stated that the $23,435 estimate of E.J. Geiring, the Regards' engineer, was more reasonable. In actuality, Geiring testified that his estimate was just for the actual construction costs of the road, and did not include the cost of acquiring the rights-of-way, attorney’s fees, costs, and appraisal fees; LaCazes’ estimation included Geiring’s construction costs and these ancillary items. Thus, combining Geiring’s and LaCazes’ computations, it is clear that the cost to restore access exceeds the severance damages.