356 So.2d 1136 (1978)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Harris CHAMPAGNE, Defendant-Appellee.
No. 6379.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
*1137 Robert L. Ledoux, Edward A. Michel, Johnie E. Branch, Jr., by Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
J. Burton Willis, St. Martinville, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
The State of Louisiana, through the Department of Highways (Department) expropriated a portion of defendant's property for highway purposes in accordance with the provisions of LSA-R.S. 48:441-460, commonly referred to as the "quick taking" statute. A trial was held to determine the measure of compensation due defendant. The Department prosecutes this appeal from the judgment of the trial court, contending:
(1) The trial court committed manifest error in determining that the defendant was to be compensated for the value of an *1138 entire building when the only portion of the building affected by the taking was a porch affixed to the front of the building extending approximately one foot into the new right of way.
(2) The trial court committed manifest error in fixing the fee of one of defendant's expert appraisers at $900.00.
Defendant answered the appeal, praying for an increase in the amount awarded.
The record establishes the following facts:
Prior to the expropriation, defendant was the owner of a parcel of land located in Breaux Bridge, Louisiana. The property was shaped in the form of a square, measuring 200 feet by 200 feet, with frontages on all four of its surrounding streets. The main improvement on the property is a wood frame building, having approximate dimensions of 100 feet by 56 feet, located in close proximity to Grand Point Avenue. Before the taking, the front of this building was situated approximately thirteen feet from the highway right of way. A rectangular-shaped porch some 40 feet wide, extends outwards from the front of the building a distance of approximately 10 feet. The porch is connected to the exterior wall of the structure at a point above its entrance and below its roof, the roof of the porch being lower and entirely separate from that of the building. Support for the porch is provided by five rods or cables extending downward from the front of the building, being attached to the outermost reaches of the porch. The building was originally constructed around 1945 for use as a warehouse. In 1953, it was converted into a night club, known as "Le Rendezvous", and operated as such until 1973. It was then temporarily rented as a warehouse. The building has remained vacant for approximately two years.
On September 3, 1975, the Department, subject to a perpetual mineral reservation, expropriated a strip of defendant's land approximately five feet in depth, along the Grand Point Avenue frontage and having a total area of 1,037 square feet. Improvements included in the part taken consisted of part of the gravel parking area and a portion of the building's porch. After the taking, the new right of way is located eight feet from the exterior front wall of the building, with approximately two feet of the porch extending into the new right of way.
At the time of the taking, the Department deposited the sum of $728.00, estimated as the amount of just compensation for the property taken, into the registry of the court. Defendant did not contest the taking, but answered contending that the value of the property expropriated at the time of the taking was $22,900.00.
At trial, the Department's expert appraisers, Mr. Chappuis and Mr. Cope, placed the value of the property taken at $1,105.00 and $1,300.00, respectively. These estimates include the value of the entire porch separate from the building, and exclude any valuation of the building proper. However, Mr. Chappuis' report[1] also reflects an "alternate method" which places the value of the part taken at $8,455.00 if the value of the entire building is to be included therein.
Jesse Guidry, defendant's expert appraiser, opined that the value of the part taken was $22,900.00. His estimate included a valuation of the entire building. Lester Huval, a building contractor testifying on behalf of defendant, estimated that the front five feet could be torn off of the building and the building refaced for the sum of $3,782.04.
All of the experts who testified utilized comparable sales in arriving at an opinion regarding the value of defendant's property. All experts agreed that the portion of defendant's property remaining after the taking suffered no severance damages.
After trial on the merits, the trial judge, in written reasons, stated:

*1139 "It is obvious, however, that the constitution of 1974 clearly intended that the person whose property is taken for public use would be compensated in a greater extent under the new constitution than he was under the old constitution. It is because of this conclusion that I must reject the low appraisals of the State appraisers."
The trial judge concluded that the alternate value of the property taken, as determined by Mr. Chappuis, was correct, and that the defendant should be awarded the sum of $8,455.00 for the property taken. The trial court's written reasons reflect that the amount awarded for the part taken is broken down as follows:

Value of land ____________________ $ 705.00
Value of shell and parking area ____ 200.00
Value of building _________________ 7550.00
Total part taken ________________ $8,455.00

Accordingly, judgment was rendered awarding defendant the sum of $8,455.00, subject to a credit of $728.00 previously deposited by the Department in the registry of the court, with 7% interest from September 3, 1975, until full payment. The judgment specifically provided that defendant was to retain ownership of his building after the taking. The sum of $1,932.00 was awarded as attorney's fees to defendant's attorney in accordance with the provisions of R.S. 48:453(E). Defendant's expert fees were fixed in the amount of $900.00 for Mr. Guidry and $50.00 for Mr. Huval and taxed as costs. The Department was condemned to pay all costs.
The Department's contention that the trial court erred in condemning it to pay for defendant's entire building is based on the rule recognized by this Court in State, Department of Highways v. Henderson, 138 So.2d 597 (La.App. 3rd Cir. 1962) that "`an expropriating authority cannot take one inch or one item of property more than is actually needed if the owner of a building which is partially on land which is expropriated desires that the other unneeded portion be cut off and left to him'". In brief, counsel for the Department urges this Court to disregard the "alternate method" presented in Mr. Chappuis' report and utilized by the trial court in making its award. He argues that since the Department did not intend to acquire the entire building, it was error to condemn it to pay compensation for the total structure when the only portion which is affected is a two foot section of the porch. The Department additionally asserts that the judgment of the trial court is erroneous in that it allows defendant to retain ownership of his building, after decreeing that the Department must pay him for it.
Defendant, on the other hand, contends that by taking part of the porch, the Department should pay for the entire building. Able counsel for defendant asserts that the provisions of Article 1, Section 4 of the 1974 Constitution evidence an intent to increase the level of compensation in expropriation cases beyond that of the 1921 Constitution. He maintains that compensating defendant for "the full extent of his loss" requires compensating him for what he subjectively believes to be his loss.
LSA-Const. Article 1, § 4 provides in pertinent part as follows:
"Section 4. Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. . . ." (Emphasis ours)
*1140 Recently, this Court, in State Through Department of Highways v. Alexandria Volkswagen, Inc., 348 So.2d 176 (La.App. 3rd Cir. 1977), stated:
"A landowner whose property has been expropriated for public purpose is entitled to just and adequate compensation in an amount sufficient to place him in as good a position pecuniarily as he would have been had his property not been taken. Article 1, Section 4 La.Const. of 1974."
At the outset, we determine that a proper interpretation of the provisions of LSA-Const. Art. 1, § 4 necessarily implies that the compensation due the defendant be in a monetary form. We consider the intent of the redactors of the 1974 Constitution to be that once the landowner has received compensation in an amount sufficient to place him in as good a position pecuniarily as he would have been, had his property not been taken, the landowner has received compensation "to the full extent of his loss". Thus, we must reject the contention of counsel for defendant that under the new Constitution, a condemnee is entitled to whatever he subjectively believes to be his loss.
Before addressing the question of whether defendant in this case has received just compensation "to the full extent of his loss", we must first determine whether defendant's entire building should have been included in the part taken.
The original petition filed by the Department in this matter contains a description of certain property owned by defendant which is required in full ownership. Article 8 of the petition alleges that a wood frame building owned by defendant is situated partially upon the property sought to be expropriated. Article 11 alleges the necessity for the expropriation in full ownership of the described property "together with all the buildings and improvements situated wholly or partially thereon". The petition concludes with a prayer requesting "an order issued herein . . . declaring that the full ownership of the above described property, together with all the buildings and improvements situated wholly or partially thereon . . . has been taken for highway purposes . . ."
The order of expropriation, signed September 3, 1975, provides in pertinent part:
"AND IT IS HEREBY ORDERED that the full ownership of the property described below, together with all the buildings and improvements situated wholly or partially thereon . . . is expropriated and taken for highway purposes as of the time of such deposit, according to law, said property being described as follows,. . ." (Emphasis ours)
The pleadings filed in the instant case indicate that the Department in effect expropriated not only a portion of defendant's land, but also all of the buildings and improvements located either wholly or partially on the property taken. It is undisputed that the building's porch (which must be considered as a part of the building itself) does extend approximately two feet into that portion of defendant's property which was taken. Our conclusion is that defendant's building was situated partially upon the property described in the petition and order of expropriation and thus was expropriated by virtue of the language referred to above.
The Department contends that it intended only to expropriate the porch attached to the front of the building and not any portion of the building itself. It is argued that the trial court erroneously held that the Department must pay for the entire building when the taking of the porch will not render the building useless as would be the case if a weight-bearing wall were affected. See State, Department of Highways v. Trippeer Realty Corporation, 276 So.2d 315 (La.1973).
We find no merit in this contention. Title to the property and property rights specified in the petition vested in the Department upon the deposit, on September 3, 1975, of the amount of estimated just compensation into the registry of the court. R.S. 48:445. Title to the building was vested *1141 in the Department as of that date. The Department's title to the building (along with the rest of the described property) became incontestable when no motion to dismiss was filed by the defendant. R.S. 48:447. The Department cannot subsequently divest itself of title to the building by contending it was not its intention to expropriate it. R.S. 48:460; State, Department of Highways v. Henderson, supra; State, Department of Highways v. Trippeer Realty Corporation, supra. For the foregoing reasons, it necessarily follows that any determination of the amount of compensation due as a result of the expropriation must include a valuation of the entire building.
In computing the amount of its award, the trial court, utilizing the value placed on the building by the Department's expert, Mr. Chappuis, assigned the building a value of $7,550.00. Although disclaimed by the Department, this estimate was properly before the court as it was contained in a report properly admitted into evidence. Our careful examination of the record, particularly the appraiser's reports and photographs submitted therein, discloses no manifest error in the trial court's award of this amount for the value of the building. Although in need of repairs, the record indicates that the building was structurally sound, and still could be used as a warehouse.
However, we do find manifest error in the trial court's judgment insofar as it decreed that the defendant was to retain ownership of the building. We have already determined that title to the building was vested in the Department on September 3, 1975. The Department's ownership of the building entitles it to dispose of the structure as it sees fit. Stewart v. Department of Highways, 240 La. 812, 125 So.2d 372 (1960). Thus, we will amend the judgment of the trial court to provide that the building has become the property of the Department.
We now consider the contention of the Department that the trial court committed manifest error in fixing the fee of defendant's expert appraiser, Mr. Jesse Guidry, at $900.00.
We do not construe the constitutional requirement that a condemnee be compensated "to the full extent of his loss" as divesting courts of some control over the assessment of costs in expropriation matters, and specifically in the assessment of reasonable sums to compensate the landowner for the fees of experts retained on his behalf. Rather, we believe that the jurisprudence which declares that such fees must be reasonable and based upon appraisals which were necessary and useful in assisting the trial court in making its determination of the proper award is still viable. Even under the provisions of the 1974 Constitution, inflated claims for appraisal fees, made in bad faith and for the purpose of driving up the ultimate amount of court costs must be disallowed. We conclude that this Court retains the power to review and alter awards for appraiser's fees as necessary.
In the instant case, we do not find that the trial court abused the much discretion afforded it in setting expert fees. Although the amounts submitted by Mr. Guidry in his report were not ultimately awarded to defendant, the record reflects that it was necessary for defendant to retain Mr. Guidry's services in order to prosecute his claim for just compensation. Mr. Guidry testified that he spent four or five days, over a period of time, in the preparation of his report. His charge to defendant consists of $600.00 for the preparation of report and $150.00 per day for court appearances. Mr. Guidry appeared twice in court, making the total bill $900.00. The fact that the amount awarded as expert fees is the same as the amount charged by the expert is not standing alone, improper, so long as the fee is reasonable and in line with awards made by other courts in similar cases. State, Department of Highways v. Gordy, 322 So.2d 418 (La.App. 3rd Cir. 1975) writ refused.
In Gordy, supra, this Court stated:

*1142 "An expert appraiser who testifies in an expropriation suit is entitled to reasonable compensation for his appearance in court and for preparatory work done by him, but the fees allowed him and taxed as costs must be reasonable and they must be somewhat in line with the fees heretofore allowed by the courts of this state in other similar cases. State, Department of Highways v. Black, supra. The fees allowed expert witnesses also should be `based on the relative usefulness of their respective testimony.' Melancon v. Oilfield Lubricant Services, Inc., 292 So.2d 908 (La.App. 1 Cir. 1974).
In determining whether the fee allowed an appraiser and taxed as costs in an expropriation suit is reasonable, we think consideration must be given to the question of whether the preparatory work done by the appraiser was reasonably necessary, whether it actually tended to show the value of the property taken or severance damages, and whether the conclusions he reached based on that preparatory work were of some usefulness in determining the award which should be made. We also believe that consideration must be given to the value of the property being taken and the amount of severance damages sustained by the landowner. An appraisal fee greatly in excess of all of the awards made is not reasonable and should be reduced."
We find no manifest error in the trial court's award of the sum of $900.00 as expert fees to Mr. Guidry.
For the above and foregoing reasons, the judgment of the district court insofar as it provides that the defendant is to retain ownership of the building in question, is reversed. It is hereby ordered, adjudged and decreed that the Department is the owner of said building. In all other respects, the judgment of the district court is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Pursuant to a stipulation between the parties, reports prepared by the expert witnesses were admitted into evidence.