369 So.2d 191 (1979)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Daniel W. JOHNSON, Defendant-Appellee.
No. 6809.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*192 Johnie E. Branch, Jr., Jerry F. Davis, Bryan Miller by Bryan Miller, Baton Rouge, for plaintiff-appellant.
Edward G. Randolph, Jr., Alexandria, for defendant-appellee.
Before CULPEPPER, WATSON, CUTRER, SWIFT and DOUCET, JJ.
CUTRER, Judge.
The State of Louisiana, through the Department of Highways, expropriated for highway purposes a portion of a tract of land owned by defendant, Daniel W. Johnson. The taking was effectuated under the provisions of LSA-R.S. 48:441, et seq. The Department of Highways deposited the sum of $10,647.00 as just compensation for the property taken, consisting of $2,412.00 for the value of the land and $8,235.00 as severance damages. The trial court rendered judgment awarding defendant $24,210.00 for the taking, subject to a credit for the deposit, together with $3,390.75 as attorney fees. The trial court itemized the award as follows:

 Property taken $ 7,730.00
 Severance damages $11,480.00
 Inconvenience $ 5,000.00
 __________
 TOTAL AWARD $24,210.00.

From this judgment the Department of Highways appeals.
The issue presented by the appeal is whether the trial court abused its discretion in the amount awarded the defendant for the loss of his property and for his attorney fees.

PROPERTY TAKEN AND SEVERANCE DAMAGES
The property has approximately 265 feet of frontage on Highway One in a rural area near Alexandria and is about 2,000 feet deep. It contained slightly more than 10 acres. Located thereon is a frame residence with about 1500 square feet and a porch with about 200 square feet, a garage, well house, workshop, chain link fencing, a gate, 1200 square feet of gravel driveway *193 across 24 linear feet of culverts 36 inches in diameter, 65 square feet of concrete walkway, and a septic system.
The area taken contained .573 acres which included practically all of the defendant's front yard. Following the taking, the right of way line will be located within 7 or 8 feet of the house. Several trees were located on the property taken.
Hab Monsur testified as an expert appraiser on behalf of defendant. He valued the land taken at $5,730 and the improvements, consisting of a fence, gate, culverts, gravel drive and walkway, at $2,000. He considered the value of the trees in arriving at the land value. He estimated that the residence had been damaged by 80% of its current value, or $11,480. In Monsur's opinion, there is no market for a residence within eight feet of a heavily traveled main thoroughfare, and the only value remaining in the wooden frame residence is for salvage purposes. Monsur apparently considered only severance damage to the old residence and did not evaluate the severance loss, if any, to the remaining land.
Gene N. Cope testified as an expert appraiser on behalf of the Department of Highways. In Cope's opinion the property retains its value as a residence despite its proximity to the highway. Cope's evaluation was below the amount deposited by the Department of Highways although he signed the initial estimate of just compensation. He valued the land taken at $4,155 and severance damages at $3,045, resulting in a total estimate of $7,200. Cope admitted that he could not find any residences in the area located within eight feet of the highway right of way.
The trial court, in its reasons for judgment, found Monsur's evaluations on behalf of the landowner more persuasive than those presented by Cope and made the awards set forth herein. We have reviewed the testimony of these experts and find no abuse of discretion by the trial court in its awards for land value and severance damages.

INCONVENIENCE DAMAGE
A more troublesome question is presented by the award of the trial court of $5,000 for "inconvenience" caused the defendant by the taking.
Johnson testified that he had resided in his original residence for 30 years and was contented there until this expropriation took place. He is now in the process of constructing a new home approximately 100 feet back from the new right of way line. Johnson testified that he would not be able to sleep with the heavy traffic and dangerous conditions brought about by the widening of the highway. He testified as to previous accidents occurring at a nearby intersection. Johnson further stated that while the construction of the proposed highway was being conducted, his wife would have trouble getting into the residence area and it may necessitate parking her car across the highway during the construction phase thereof. The inconvenience of having to move from his existing residence to the new residence was testified to. He estimated that it would cost $150.00 to move the furniture to the new home. The defendant also contends he should be awarded damages for aesthetic losses due to the taking of trees and the existence of a water well house which will be to the front of the new home.
In making the award for inconvenience, the trial court reasoned in part as follows:
"In addition to the above the landowner asserts claims for damages heretofore not recognized as items for which compensation is due in expropriation proceedings. The landowner urges that language in the Louisiana Constitution of 1974 contemplates a broadening of the scope of compensation. In particular the landowner claims $150 as expenses for moving from the residence during construction of highway improvements and $5,000 for general inconvenience. The claim for inconvenience, it is suggested on behalf of the landowner, should be determined subjectively. In support of this contention, counsel cite 21 Loyola Law Review 23. These and other authorities *194 do appear to indicate that the framers of the 1974 constitution contemplated that a landowner whose property is taken be awarded more than the mere market value of the property taken together with any severance damages which may result."
The question presented is whether such an award is authorized by Article 1, Section 4 of the 1974 Louisiana Constitution which provides in part that ". . . the owner shall be compensated to the full extent of his loss."
This court, in the recent case of State, through the Department of Highways v. Champagne, 356 So.2d 1136 (La.App. 3rd Cir. 1978), had under consideration the effect of the above constitutional provision when it stated as follows:
"Recently, this Court, in State Through Department of Highways v. Alexandria Volkswagen, Inc., 348 So.2d 176 (La. App. 3rd Cir. 1977), stated:
`A landowner whose property has been expropriated for public purpose is entitled to just and adequate compensation in an amount sufficient to place him in as good a position pecuniarily as he would have been had his property not been taken. Article 1, Section 4 La.Const. of 1974.'
"At the outset, we determine that a proper interpretation of the provisions of LSA-Const. Art. 1, § 4 necessarily implies that the compensation due the defendant be in a monetary form. We consider the intent of the redactors of the 1974 Constitution to be that once the landowner has received compensation in an amount sufficient to place him in as good a position pecuniarily as he would have been, had his property not been taken, the landowner has received compensation `to the full extent of his loss'. Thus, we must reject the contention of counsel for defendant that under the new Constitution, a condemnee is entitled to whatever he subjectively believes to be his loss."
The award for inconvenience herein, other than the estimated $150 for moving, is a subjective type of loss. It is based solely upon the testimony of the defendant, which was self-serving, wherein he claims the loss by virtue of his dissatisfaction with the proximity of his residence to the new highway, the aesthetic adversity by the loss of trees, and the existence of a pump house in the front of his house, inconvenience of parking while construction is being performed, and the other subjective losses he may complain of due to the taking. Such losses are closely related to losses such as mental anguish, worry, anxiety, grief, and the like. We must reiterate, as we did in Champagne, supra, that under the new Constitution a landowner in an expropriation suit is not entitled to subjective losses or those losses "he subjectively believes to be his loss."
We conclude and so hold that the provisions of LSA-Const. Art. 1, § 4 do not authorize the award of the $5,000.00 subjective award of the trial court. This portion of the judgment must be reversed.
The $150 estimate for moving expenses and the $795 estimate for fill dirt placed under the new house are expenses incidental to the construction of defendant's new home. The defendant makes no claim for the cost of the new home; thus these incidental expenses are not recoverable.

ATTORNEY FEES
The remaining issue is attorney fees awarded defendant. The trial court awarded $3,390.75 as attorney fees which is 25% of the difference between the amount of the deposit, $10,647.00, and the amount awarded, $24,210.00, in the trial court's judgment. Since we are reducing the award by $5,000.00, we must reduce the attorney fees. LSA-R.S. 48:453 provides in Section E that:
"Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
*195 The attorney fees will be reduced to 25% of the difference between the award, $19,140.00, and the amount deposited in the registry of the court, $10,647.00, or $2,140.75.
For the reasons set forth herein, the judgment of the trial court awarding $5,000.00 for inconvenience is reversed, thereby reducing the award to $19,210.00. The allowance for attorney fees is reduced to $2,140.75. In all other respects, the judgment of the trial court is affirmed.
Costs insofar as allowed by law are taxed against the State of Louisiana.
AMENDED AND AFFIRMED IN PART; REVERSED IN PART.
WATSON, J., concurs in part and dissents in part and assigns reasons.
WATSON, Judge, concurring in part and dissenting in part:
I concur with the majority in affirming the awards for property taken and for severance damages, but I dissent from the reversal of the award for inconvenience.
The question is whether substantial meaning is to be given the new wording of the Louisiana Constitution of 1974. As posed in the present case, the issue is whether the uprooting of a family from their home of thirty years is to be compensated or whether their sole recompense is the bare-bones value of the ground and the reduction in value of the remainder.
The basis for the additional $5,000 awarded to landowner Johnson is the inconvenience, aesthetic loss and other intangible losses he will suffer in abandoning his residence of thirty years and moving into another one. Does the language of LSA-Const.1974 Art. 1 § 4, stating that: ". . . the owner shall be compensated to the full extent of his loss" require compensation for this type of damage?
An explanation of the meaning of this provision by Louis "Woody" Jenkins, member, Louisiana House of Representatives; delegate, Louisiana Constitutional Convention; member, Committee on Bill of Rights and Elections; and co-author, Louisiana Declaration of Rights, is found in the Loyola Law Review where he wrote:
"The amount of compensation to be paid when property is taken is not merely `just compensation' as that term has been understood under the fifth and fourteenth amendments of the Federal Constitution and the 1921 State Constitution. Instead, the owner must be compensated `to the full extent of his loss.' This is intended to include things `which, perhaps, in the past may have been considered damnum absque injuria, such as cost of removal,' attorney fees, inconvenience, loss of aesthetic value or business profits and so forth. The loss to be measured is the loss sustained by the owner himself. The Section very carefully says that the owner is to be compensated `to the full extent of his loss' instead of `to the full extent of the loss' (emphasis added)." 21 Loyola Law Review 23, 24. [footnotes omitted]
State, Through Dept. of Highways v. Constant, 359 So.2d 666 (La. App. 1 Cir. 1978) writ granted, 362 So.2d 575, recognized that intangible losses can be compensated under this article. State, Through Dept. of Highways v. Champagne., 356 So.2d 1136 (La. App. 3 Cir. 1978), in dicta, rejected the idea of compensation for anything but pecuniary losses.
Although the amount of loss is difficult to evaluate, Johnson's new residence will undoubtedly suffer from being located behind his well shed without the screen of trees and shrubbery which now serve as a highway buffer. This type of loss was compensated in State, Dept. of Highways v. Bland, 355 So.2d 283 (La. App. 2 Cir. 1978), as an item of severance damages. Although the only testimony to support this item here is that the landowner, we, like the trial court, find it candid and convincing.
Further, being effectively evicted from a residence occupied for thirty years is an intangible loss. Unless it is compensated, the landowner cannot be made whole, which we understand to be the intent of the 1974 *196 Constitution. I cannot say that the trial court was "clearly wrong" in making the award to the owner for inconvenience. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978).
My analysis would require also the full award of attorney's fees as made by the trial court.