491 So.2d 138 (1986)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Plaintiff-Appellant,
v.
Lawrence J. JACOB and Olite P. Jacob, Defendants-Appellees.
No. 85-807.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Rehearing Denied July 25, 1986.
*139 Bertrand and Soileau, Ronald J. Bertrand, Rayne, and Bernie Malone, Baton Rouge, for plaintiff-appellant.
Roy and Hattan, Candice Hattan, LaFayette, for defendants-appellees.
Before GUIDRY, DOUCET and MANSOUR,[*] JJ.
GUIDRY, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD), filed this expropriation suit under Louisiana's "quick taking" statute, La.R.S. 48:441 et seq., against Lawrence J. Jacob and his wife, Olite P. Jacob, to acquire certain highway frontage property necessary for widening North University and Cameron streets in conjunction with the construction of an underpass on University Street in the city of Lafayette, Louisiana. The Jacobs challenged the State's estimate of value of the land taken and severance damages and sought attorney's and expert witness fees and costs.
DOTD deposited into the Registry of the Court the sum of $316,215 as its estimate of just compensation for the property taken. After a four day jury trial, the Jacobs were awarded a total of $590,077 as compensation for the property taken, plus attorney's fees and fees for the Jacobs' experts. The total award to the Jacobs was divided as follows: (1) $183,746 as compensation for the value of the property taken; (2) $355,331 as compensation for the severance damages suffered by the Jacobs; (3) $51,000 for economic loss caused by the taking; (4) $68,440.50 for attorney's fees;[1] *140 and, (5) a total of $14,514.97 for experts' fees. Defendant appeals.
On appeal, DOTD sets forth the following assignments of error: (1) the jury erred in awarding $51,000 for economic loss in addition to severance damages; (2) the trial judge erred in awarding expert witness fees in an excess amount; and, (3) the trial judge erred in its award of attorney's fees. The Jacobs answered DOTD's appeal, setting forth four specific assignments of error.

THE JACOBS' PROPERTY
The Jacobs' property consists of a lot located at the corner of Cameron and North University streets (otherwise known as the Four Corners), upon which is situated "Jacob's Restaurant", which has been operating on that site for approximately 50 years. Jacob's Restaurant developed a very favorable reputation over the years and is patronized by many area residents, civic organizations and local clubs. The restaurant has banquet and reception facilities as well as a general dining area.
The Jacobs' property consists of approximately 80,000 square feet, of which 11,380 square feet comprises the restaurant. The main entrance to Jacob's Restaurant faces the northwest corner of the intersection of North University and Cameron streets. Extending from the entrance of the restaurant was an 804 square foot porte cochere, which enabled patrons of the restaurant to be dropped at the entrance, sheltering them from the elements. There was a large parking lot directly to the north of the restaurant as well as available parking spaces on the Jacobs' property adjacent to Cameron and North University streets.
In 1984, DOTD expropriated approximately 10,000 square feet of the Jacobs' property, comprising that portion of their land bordering North University and Cameron streets, for the purpose of widening said streets (from four lanes to five), and for the erection of an underpass just north of the Jacobs' property. As a result of the expropriation, the Jacobs were compelled to remove the porte cochere and to give up the parking spaces located adjacent to North University and Cameron streets. The Jacobs thereby lost a total of 33 parking spaces in addition to the porte cochere. The right of way was thereafter located from 11 to 12 feet away from the main entrance of Jacob's Restaurant.
At trial, the parties stipulated to the value of the land expropriated as being $183,746. The jury thereafter awarded the Jacobs $355,331 in severance damages and $51,000 for economic losses. Additionally, the trial court awarded attorney's fees in the amount of $68,440.50 and reimbursement of a portion of the expert witness fees expended by defendants. DOTD does not question the jury's award of severance damages.

ECONOMIC LOSS
DOTD contends on appeal that the jury erred in awarding the Jacobs $51,000 as compensation for economic loss over and above the award for severance damages. DOTD urges that the record does not support such award since the Jacobs were not operating Jacob's Restaurant at the time of the expropriation, but rather same was being operated by their sons, Billy and Glenn Jacob.
Under the Louisiana Constitution of 1974, Article I, Section 4 and the Supreme Court case of State of Louisiana, through the Department of Highways v. Constant, 369 So.2d 699 (La.1979), a landowner whose property is expropriated shall be compensated to the full extent of his loss, including any business or economic loss sustained by the property owner.
The burden of proof on the property owner in an expropriation case is to establish his claims by a reasonable preponderance of the evidence; speculation, conjecture, mere possibility and even unsupported probability are not sufficient to support a judgment. State of Louisiana, through the Department of Highways v. *141 Levy, 242 La. 259, 136 So.2d 35 (1961); State of Louisiana, Department of Transportation and Development v. Estate of Clark, 432 So.2d 405 (La.App. 1st Cir.1983).
The evidence in the instant case reveals that Lawrence and Olite Jacob operated Jacob's Restaurant for approximately 50 years, establishing an enviable reputation and a sizeable clientele over the years. However, several years prior to the trial of this matter, the Jacob's turned over the management and operation of the restaurant to their two sons, Billy and Glenn. From that time on, Mr. and Mrs. Jacob no longer participated in the revenues generated from the restaurant business, although they did continue to work at the restaurant. They were compensated for their continued services with a salary of $45 per week each plus all of their meals. In addition to the salaries paid to the Jacobs, their sons paid the taxes, insurance and maintenance on the restaurant facility as well as provided the Jacobs with a car. They also paid the Jacobs $2,000 per year for rent. Presumably, in awarding an economic loss of $51,000 to the Jacobs, the jury determined that the Jacobs would lose all or some part of these economic benefits as a result of the expropriation.
The record reveals that at the time of trial Jacob's Restaurant was still in operation. Billy Jacob testified that he and his brother had no intention of closing the restaurant unless they determined it was absolutely necessary. Although no rent had been paid to Mr. and Mrs. Jacob on the lease for the year preceding the trial, the Jacob sons renewed their lease for another year just prior to the trial. No explanation was given as to why the rent had not been paid for the previous year.
The Jacobs' experts consisted of a civil engineer, an architect, a building contractor and a real estate appraiser. It was the general consensus among these experts that because of the highway construction and the strip of land expropriated immediately adjacent to the restaurant, it would not be profitable for Jacob's Restaurant to continue to operate at the present site. Gene N. Cope, a real estate appraiser hired by the Jacobs, estimated severance damages to the property in the amount of $1,582,325.
On the other hand, DOTD's experts all testified that, although the Jacobs would suffer some severance damage due to the taking, there would be no reason for the restaurant to discontinue its operations. In light of this opinion, DOTD's experts estimated severance damages in the range of $252,805 to $290,225. The actual award of severance damages by the jury was $355,331.
Since this issue was tried to a jury, we cannot know for certain what rationale the jury employed in arriving at an award for economic loss to the Jacobs. It is obvious, however, that the jury did not agree with the Jacobs' experts that Jacob's Restaurant would no longer be able to function at its present site. Had they accepted this theory, the jury's award for severance damages would have been more in line with Cope's estimation of severance damages, i.e., $1,582,325. Instead, the jury awarded only $65,106 over the estimated severance damage award of DOTD's expert. We are therefore led to conclude that the jury was of the opinion that the restaurant could be maintained at the Four Corners location despite the expropriation of the strip of land by DOTD.
With that in mind, we find that the Jacobs have failed to prove by a reasonable preponderance of the evidence that they would suffer any economic loss as a result of the taking by DOTD. The only economic loss which they could possibly suffer would occur only if the lease were cancelled by Billy and Glenn Jacob, thereby depriving the Jacobs of their weekly salaries, the annual rentals, and the sons' payment of the taxes, insurance and maintenance of the restaurant. The record clearly indicates that the lease on the restaurant was not cancelled, but in fact it was actually extended during the litigation of this matter. We therefore conclude that the jury's award to the Jacobs for economic losses was clear error because it is not *142 supported by adequate proof. We will amend the trial court's judgment to delete this award.

EXPERT'S FEES
In its second assignment of error, DOTD argues that the trial court erred in its award of expert witness fees because obviously the jury did not accept the opinion of the Jacobs' experts.
In expropriation proceedings, the condemning authority is taxed with the reasonable costs of the testifying expert witness retained by the landowner to assist him in obtaining his just compensation. State of Louisiana, through the Department of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App. 3rd Cir.1969), writ refused, 254 La. 14, 222 So.2d 67 (La.1969).
The fixing of expert witness fees is largely within the sound discretion of the trial court, and the trial court's fixing thereof will not be disturbed on appeal in the absence of abuse of discretion. State of Louisiana, Through the Department of Highways v. Salles, 387 So.2d 1278 (La. App. 1st Cir.1980), writ denied, 393 So.2d 744 (La.1980); State of Louisiana, Department of Transportation and Development v. Van Willet, 389 So.2d 1346 (La. App. 3rd Cir.1980).
In fixing expert witness fees, each case must turn on its own peculiar facts and circumstances. However, the jurisprudence has provided us with certain factors to consider in fixing expert witness fees. Some of the pertinent factors are the amount of time consumed by the experts in compiling their reports; the amount charged the landowner; the amount of time spent in preparing for trial; the amount of time actually spent in court; the expertise of the expert; the difficulty of the appraisal; the amount involved in the award; and, the degree to which the expert's opinion aided the court in its decision. State of Louisiana, Through the Department of Highways v. Romano, 343 So.2d 222 (La.App. 1st Cir.1977).
In the instant case, civil engineer, A.J. Szabo, testified on behalf of the Jacobs. Szabo surveyed the Jacobs' property in an effort to determine the extent of its boundaries and the location of existing utility lines, and thereafter thoroughly reviewed the construction plans of DOTD in an effort to determine how the construction would affect the Jacobs' property. He also prepared a topographic map of the Jacobs' property, studied the available accesses to the property and how these would be impeded by the construction work, and additionally, examined the available parking spaces and prepared alternate parking layouts for the Jacobs.
Szabo submitted a bill of $6,150.43 to the Jacobs for his services. The trial court awarded him expert witness fees in the amount of $5,353.12. Although the trial judge noted that the jury apparently disregarded Szabo's opinion regarding the future ingress and egress problems of the property due to the highway construction project, he opined in his oral reasons for judgment that Szabo's survey, topographic map, and study of DOTD's construction plans were "absolutely necessary for defendant". The court further added, "[a]nd without that topographic map with all of the pertinent features above ground and below ground, the other experts would not have been able to function at all". In light of the amount of time spent by Szabo, as well as the utility and thoroughness of his work, we find no error in the trial court's award of $5,353.12 to him.
David L. Perkins, Sr., an architect, also testified on the Jacobs' behalf. He was retained by the Jacobs to develop a means by which the restaurant could continue to operate after the highway construction was completed. Perkins was of the opinion that the main entrance to the restaurant, which faced the corner of Cameron and North University strees, would have to be relocated to the north side of the building due to the anticipated close proximity of the highway to the existing entrance. This theory entailed a great deal of restructuring and re-orientation of the restaurant. Perkins *143 also expressed the need to place a new porte cochere at the new entrance to the restaurant. Perkins' plan entailed remodeling and renovating over 50% of the restaurant. Perkins also developed alternative parking designs in order to accommodate more cars, which included the removal of a number of out buildings from the parking lot and an addition onto the main building for refrigeration space. At the conclusion of his presentation at trial, Perkins opined that despite all of the proposed renovations, the Jacobs would be better off by relocating their restaurant to a new site.
Horace Rickey, a building contractor, was retained by the Jacobs for the purpose of preparing cost estimates for the implementation of Perkins' renovation plans. Rickey arrived at a cost figure of $649,693 (not including engineering and architect's fees, landscaping and furnishings) for renovations to the restaurant. Rickey also computed the costs necessary in rearranging the existing parking lot in order to accommodate a larger number of cars.
Perkins submitted a bill for $6,566.85 to the Jacobs, while Rickey charged them $5,450 for his services. The trial court awarded fees in the amounts of $3,149.35 and $1,725, respectively. DOTD argues on appeal that the trial court's awards in these respects were excessive since the jury obviously had not accepted Perkins' conclusion that, for the restaurant to continue to operate at its present site, extensive renovations would be necessary.
Although the trial judge found that the jury had not accepted Perkins' renovation plans for the restaurant, he concluded that the work done by Perkins and Rickey regarding the parking situation and the necessity of removing the out buildings was of some aid to the jury. The trial judge also found utility in the exhibits prepared by Perkins, stating, "[w]hat they presented may not have been adopted by the Jury, but they had some value graphically, in my opinion".
The trier of fact, in this case the jury, is not required to accept or reject testimony of any particular witness, but may assign whatever weight they deem appropriate to the testimony of any and all witnesses in making their factual determinations. State of Louisiana, Through the Department of Highways v. Romano, 343 So.2d 222 (La.App. 1st Cir.1977). Although the jury may not have adopted the opinions of Perkins and Rickey in toto, it was reasonable for the trial judge to conclude that the jury did adopt at least part of their opinions. This is supported by the fact that the jury awarded over $60,000 more in severance damages than the amount set forth by DOTD's experts. We therefore find no abuse of discretion in the trial court's award to Perkins and Rickey.
Gene N. Cope, a real estate appraiser, was the Jacobs' final expert witness. Cope was retained to perform a complete appraisal of the Jacobs' property in the before and after condition and to thereafter render his estimate of severance damages. Cope found that the highest and best use of the property before the expropriation was that use presently conducted on the property, i.e., a restaurant business. He then determined that the highest and best use of the property after the expropriation would remain for commercial activities, but not for the high volume of commercial activity which the restaurant supplied. Cope opined that due to the future difficulties with access to the property, the loss of the porte cochere, the anticipated increase in traffic volume, and the limited parking facilities, the property would be degraded to an inferior type of commercial activity. Cope projected the amount of severance damage at $1,582,325. He then calculated the cost to the Jacobs to purchase new land and build a similar facility at a new location in Lafayette.
The trial court awarded Cope $4,287.50, $8,212.50 less than the bill which Cope submitted to the Jacobs. Although the jury obviously did not accept Cope's opinion that the restaurant would no longer be able to function at its present site, we find no error in the trial court's award to Cope of expert witness fees. Cope did spend a substantial amount of time preparing his *144 appraisal, including inspecting and photographing the property, developing plan analysis, comprising the necessary factual data for the appraisal, meeting with members of the Jacobs' family and appraisers for the State, and actually drafting the appraisal. Cope testified that he spent between eight to ten months working on this project for the Jacobs. Although the jury did not accept Cope's opinion, we cannot say that his report and his testimony was of no benefit to the jury in their ultimate determination of severance damages. In light of the above, we do not find the fee awarded to Cope by the trial court to be excessive. This assignment of error is therefore without merit.

ATTORNEY'S FEES
DOTD's final argument on appeal concerns the trial court's award of attorney's fees. DOTD asserts that the trial court erred in making an award of attorney's fees, since such award was more properly the function of the jury due to the fact that this expropriation suit was tried to a jury. Alternatively, DOTD contends that if the award was properly made, that the trial court's award was nonetheless excessive.
A jury trial is permissible in expropriation suits such as the present one. Louisiana Constitution of 1974, Art. I, § 4; La. R.S. 48:451.1. La.R.S. 48:451.1 provides:
"In an expropriation proceeding pursuant to this Part any party has the right to demand a trial by jury to determine just compensation." (Emphasis ours).
La.R.S. 48:453 (E) provides for an award of attorney's fees in expropriation suits, pursuant to the "quick-taking" statute, as follows:
"Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court." (Emphasis ours).
La.R.S. 19:8 (A), which pertains to the manner of exercising the right of expropriation and the trial procedures thereto, provides in pertinent part:
"Expropriation suits shall be tried in term time or in vacation and shall be conducted with preference and with the greatest possible dispatch. Judgments may be signed in term time or in vacation. All issues shall be decided by the trial judge. However, when a jury trial has been demanded, the judge shall hear the evidence on all issues, other than the measure of compensation and shall render a decision within five days. If the trial judge decides in favor of the expropriating authority, then within thirty days after such decision, a jury shall be impaneled to determine the measure of compensation. Immediately after compensation has been determined, the plaintiff shall, upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property prior to trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees." (Emphasis ours).
The above statutes make clear that the function of a jury in an expropriation case is to determine the just compensation to be awarded to the property owner. The fact that the suit is tried by a jury does not remove the issue of reasonable attorney's fees from the trial judge's ambit of determination. In our view, these statutes make clear that a trial judge shall render a decision on issues other than that of compensation when a jury trial has been demanded. It is within the trial judge's sole discretion whether or not to award attorney's fees. City of Lafayette v. Delhomme, 401 So.2d 1044 (La.App. 3rd Cir. 1981). We therefore find no merit to DOTD's contention in this regard.
*145 DOTD argues, alternatively, that the amount of attorney's fees awarded to the Jacobs in the instant case is excessive.
La.R.S. 48:453 (E) limits an award of attorney's fees in expropriation cases to a reasonable fee not to exceed 25% of the excess award. In the instant case, an award of $68,440.50 was granted to the Jacobs' attorneys. As explained in footnote 1 of this opinion, this award is less than 25% of the excess award in the instant case, although it is clear from the record that the trial judge actually intended to award the full 25%. It is well settled that absent clear abuse, the amount of attorney's fees assessed by the trial court will not be disturbed. Turner v. Winn Dixie of Louisiana, Inc., 474 So.2d 966 (La.App. 5th Cir.1985), writ denied, 478 So.2d 147 (La. 1985); State of Louisiana, Department of Transportation and Development v. Tynes, 433 So.2d 809 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1153 (La.1983).
In considering reasonable attorney's fees, several factors must be taken into consideration by the trial court. These factors were set forth by this court in the case of Faustina Pipe Line Company v. Broussard, 450 So.2d 17 (La.App. 3rd Cir. 1984), writ denied, 452 So.2d 172 (La.1984), as follows: (1) the amount awarded by the trial court in excess of the highest pre-trial offer by the expropriator; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment and skill of the attorney; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; (10) the ultimate result obtained; and, (11) the court's own knowledge.
Considering the above factors, we find no error in the trial court's award of the maximum allowable attorney's fees. The trial in the instant case lasted four days, and consisted of a significant amount of technical testimony from the various expert witnesses for both sides. The Jacobs' attorneys were required to present numerous exhibits to the jury and elicit logical and clear explanations of each from the various witnesses. Since we have determined that DOTD does not owe compensation to the Jacobs for economic loss, their claim for attorney's fees is therefore limited to 25% of $222,862 or $55,715.50.[2]
The Jacobs have answered the appeal and seek an award of additional attorney's fees for the time and effort expended by their attorneys on this appeal. We are of the opinion that the above award of attorney's fees is sufficient to compensate the Jacobs' attorneys. We therefore deny their request for additional attorney's fees for services on appeal.
The trial court did not grant legal interest on the attorney's fees awarded to defendants. By supplemental brief to this court, the defendants assert that this was error. We do not consider that this issue is before us as defendants did not appeal and, in their timely filed answer to DOTD's appeal, they failed to ask for any relief in this regard. In sum, we conclude that the judgment of the trial court, insofar as it failed to grant legal interest on the attorneys' fee award, is final.
Defendants next urge in their answer to the appeal that this court should declare either that DOTD pay to appellees the full amount of the award made by the trial court in this matter, less that deposited and withdrawn by appellees, or, alternatively, dismiss this appeal or, in the further alternative, declare La.R.S. 48:459 unconstitutional as an abrogation of the rights of appellees in that it allows DOTD a suspensive appeal, in fact, while the cited statute provides only for a devolutive appeal. These identical issues were considered by our Louisiana Supreme Court in State of Louisiana, Through the Department of Transportation & Development v. *146 Holmes, 251 La. 607, 205 So.2d 416 (1967), and decided adversely to appellees' contentions. Although the Holmes case was decided prior to the adoption of the 1974 Louisiana Constitution, we do not find that the later adoption of our present Constitution dictates a result different from that reached in Holmes. Accordingly, we find our Supreme Court's decision in Holmes to be dispositive of the above issues.
Finally, appellees assert that the trial court erred when it disallowed evidence offered to prove non-pecuniary damages allegedly sustained by the defendants. In support of its ruling, the trial court relied on the decisions of this court in State of Louisiana, Through the Department of Transportation & Development v. Champagne, 356 So.2d 1136 (La.App. 3rd Cir. 1978), and State of Louisiana, Through the Department of Transportation & Development v. Johnson, 369 So.2d 191 (La. App. 3rd Cir.1979). By supplemental brief to this court, appellees respectfully urge that we erred in our decisions in Champagne and Johnson. We have reconsidered our decisions in these cases and conclude that they are correct and are dispositive of the issue presented.

DECREE
For the above and foregoing reasons, the judgment of the trial court is amended to eliminate the trial court's award of economic losses to the Jacobs in the amount of $51,000. The amount of attorney's fees is reduced from $68,440.50 to $55,715.50. In all other respects, the judgment of the trial court is affirmed. The State of Louisiana, Department of Transportation and Development is cast for all costs of this appeal which are fixed at the sum of__________.
AFFIRMED AS AMENDED.
NOTES
[*] Judge Alfred A. Mansour of the 9th Judicial District Court participated in this decision as Judge Pro Tempore of the Third Circuit Court of Appeal.
[1] La.R.S. 48:453(E) provides for a maximum award of attorney's fees in expropriation cases not to exceed 25% of the difference between the expropriation award and the amount deposited into the Registry of the Court by the expropriating party. In the instant case, the maximum allowable attorney's fee award would have been $68,465.50 [(590,077 - 316,215) ÷ 4]. Although the trial judge awarded less than the maximum amount allowed, it is clear from his oral reasons for judgment that he intended to award the maximum amount. His failure to do so was simply due to clerical error.
[2] We have calculated the attorney's fees in accordance with La.R.S. 48:453 (E) as follows: $539,077 (Total Award to the Jacobs) minus $316,215 (Amount deposited into Registry of the Court by DOTD) divided by 4.