ROLAND L. BELSOME, Judge.
11 This case arises out of the State of Louisiana Department of Transportation and Development’s (DOTD) Howard Avenue Improvement Slip Ramp Project (the Project). The project involved the DOTD’s construction of an Interstate exit ramp from the Pontchartrain Expressway onto Howard Avenue.
SDS, Inc. (SDS) is the owner of land and improvements located at municipal address 4700 Howard Avenue, New Orleans, Louisiana (the property). The property is located on the east bound side of Interstate 10 near .the Jefferson Davis Parkway overpass and fronts Howard Avenue. Improvements on the property comprise an entire city block, bounded by Howard Avenue, South Clark Street, Dixon Street and South Genois Street.
The initial plan for the project called for the taking of access to Howard Avenue from the property, requiring an expropriation proceeding by DOTD. Although DOTD altered the design of the project and avoided the need for an expropriation proceeding, the completed project resulted in the loss of previously 12enjoyed property rights. More specifically, the property could no longer be accessed by 18-wheeler trucks, and therefore could not be used for its highest and best use as an industrial warehouse. Thus, on June 1, 2001, SDS filed an inverse condemnation suit against DOTD.
A jury trial was held on October 30 and 31 and November 2 and 3, 2006. At trial, SDS presented evidence relating to the damage to its property as a result of the project. The jury found in favor of SDS and awarded damages. The trial court *1015 also awarded SDS attorneys’ fees and costs. The DOTD appeals.
On appeal the DOTD raises the following assignments of error: 1) the trial court erred in its legal conclusion that there was a taking by the DOTD; 2) the trial court erred by denying DOTD’s motion for' directed verdict; 3) the damages awarded by the jury for inverse condemnation are not compensable; 4) the trial court erred in allowing the issue of property damages to go to the jury; 5) the jury’s award for construction damages was not based on sufficient evidence; and 6) the trial court’s award of attorneys’ fees, expert witness fees and costs is erroneous or excessive. In response, SDS seeks additional attorneys’ fees for the appeal process.
In the event we find that the trial court erred in its application of legal principles this court must-conduct a de novo review of the record to render an independent judgment applying the correct principles of law. See Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742; McLean v. Hunter, 495 So.2d 1298 (La.1986). Otherwise, this Court reviews the trial court’s |sand jury’s findings of fact under the manifestly erroneous/clearly wrong standard. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The trial court denied the defendant’s motion for directed verdict on the issue of whether a taking by the DOTD had occurred. At trial SDS provided the trial court with expert testimony establishing that the highest and best use of the property was that of an industrial warehouse. The experts also testified that the property was no longer able to operate as an industrial warehouse because of the inability of 18-wheeler trucks to access the property. After being presented with all the evidence, the trial court proceeded to inform the jury that there had been a taking of SDS’ property in the constitutional sense. The trial court stated that SDS’:
... damage is more than inconvenience. It is more than traffic rerouting. It is 'more than inability to use the property during the construction of the project. It is more than traffic reconfigured at the end of the project. It is in fact damage in what the Court considers to be a constitutional sense.
' The Louisiana Constitution, Article 1, Section 4 provides for compensation to a landowner whose property rights are taken or damaged.[1] When a landowner suffers a taking or damage in the absence of an expropriation proceeding he. may seek compensation through an inverse condemnation action. Constance v. State Through Dept. of Transp. and |4 Development, 626 So.2d 1151 (La.1993); and Reymond v. State Through Dept. of Highways, 255 La. 425, 231 So.2d 375 (1970). The Louisiana Supreme Court in State Through Dept. of Transp. and Development v. Chambers Inv. Co., Inc., 595 So.2d 598 (La.1992), acknowledged that under the Constitution compensation is required even though the State has not initiated an expropriation proceeding and physically taken property from the owner. *1016 Id.; also see Reymond, supra. The Chambers court went on to set forth a three prong test to assist in establishing whether a constitutional taking has occurred. The factors for the court to decide are as follows: 1) whether a person’s legal right with respect to a thing or an object has been affected; 2) whether the property, either a right or a thing, has been taken or damaged, in a constitutional sense; and 8) whether the taking or damaging was for a public purpose.
On appeal the DOTD argues that the trial court, when applying the Chambers test must also consider the provisions of La. Civil Code articles 667 and 668.[2] The Chambers court viewed articles 667 and 668 as imposing limitations to a landowner’s right of ownership, stating that some | sinconvenience must be tolerated from the lawful use of a neighbor’s land. Chambers, 595 So.2d at 600. Hence, in the absence of personal injury or physical damage to property, there must be a showing of excessive or abusive conduct. Id. The Court went on to explain that “[i]n other words, as long as the activities on the State’s land do not exceed the level of causing the claimant ‘some inconvenience,’ there can be no taking or damaging.... ”
Prior to its opinion in Chambers, the Supreme Court discussed compensable damages for an inverse condemnation claim. Reymond, supra, held that liability can be assessed against a public body when the claimant can prove special damages peculiar to the particular property. That “special damage” principle set forth by Reymond still proves to be a valid consideration when determining if there has been a taking. See Constance, supra 626 So.2d at 1158.
Moreover, the conclusion of the Chambers opinion reads as follows:
Consequently, we conclude that the construction activities on the State’s land did not constitute a breach of the State’s duty under Civil Code article 667 or amount to an inconvenience greater than that Chambers was bound to tolerate under Article 668. Therefore, Chambers Investment was not entitled to compensation ... (emphasis added).
Chambers, supra, 595 So.2d at 606. The damage suffered by SDS in the case sub judice far exceeds “some inconvenience”. We cannot find that the Supreme Court’s intent of its analysis |6 fim Chambers was to *1017 allow the type of taking suffered by SDS. Further, to suggest that SDS is bound to tolerate such damage under article 668 is absurd. SDS has a constitutionally protected property right to use its property to its highest and best use; that property right has been permanently taken away.
Clearly, the particular facts of the case sub judice are distinguishable from Chambers (the property in question was vacant land and .the landowner suffered only a delay in development), Avenal (the plaintiffs were not landowners), and Constance (the alleged damage resulted from the temporary rerouting of traffic). Thus, upon review of the evidence presented in this case we find that SDS has suffered damage in the form of a taking in the constitutional sense warranting compensation. Accordingly, we find no legal error on the part the trial court in its application of the law. This determination is disposi-tive of the DOTD’s first three assignments of error.
Next DOTD claims that the trial court erred in allowing the jury to consider property damage or alternatively there was not sufficient evidence to award damages. We disagree.
SDS presented evidence of the physical damage to its building that did not exist prior to the project as well as an expert’s opinion on the repair costs. DOTD did not present any contradicting evidence to the jury. Thus, this court cannot find the jury’s finding of fact or award of damages to be clearly wrong or manifestly erroneous.
17 FinaIly, DOTD avers that the trial court erred in the award of fees and costs because La. R.S. 13:5111(A)[3] does not apply if there is no “taking” or/alternatively the amount of the award was excessive. Since this Court has determined there was a taking, La.R.S. 13:5111(A) clearly applies.
The only issues that remain are whether the fees and costs awarded were excessive and whether the appellees are entitled to additional fees for this appeal. SDS provided the trial court with detailed billing statements memorializing the hundreds of hours that were spent developing and trying this case. The fees for the hours expended on this case totaled more than two hundred fifty thousand dollars ($250,-000.00). The trial court reduced those fees by more’ than fifty percent, awarding one hundred twenty-five thousand dollars ($125,000.00) in attorneys’ fees. Likewise, SDS’ expert witness fees exceeded fifty thousand dollars ($50,000.00), but SDS was only awarded thirty-five thousand dollars ($35,000.00). The amount of costs submitted were the same as was awarded, nine thousand four hundred fifty-nine dollars and ninety-four cents ($9,459.94).
There are a number of factors for the court to consider when determining the reasonableness of attorneys’ fees. The Louisiana Supreme Court set out the factors in State, Dept, of Transp. and Devel *1018 opment v. Williamson, 597 So.2d 439, 442 (La.1992), (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) lathe likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Also see, Smith v. State Through Dept. of Transp. and Development, 2004-1317 (La.3/11/05), 899 So.2d 516.
In the instant case the attorneys used there experience and expertise in this area of law to succeed in proving to the jury that compensation was due SDS for inverse condemnation. Further, the attorneys put in a considerable amount of time in preparing and trying this matter over a six year period. This case involved complex litigation as evidenced by the testimony of the four expert witnesses specializing in real estate, traffic engineering and construction. The attorneys’ contract with SDS called for the attorneys to receive “the Court-awarded attorneys fees,” which amounted to $125.00 per hour. Given the statutory authority for attorneys’ fees, this Court cannot find the trial court abused its discretion in the amount awarded for attorneys’ fees.
A landowner is entitled to recover costs for expert witnesses under La. R.S. 13:5111(A). Smith, supra 899 So.2d at 530. The amount of fees the landowner is entitled to recover is directly related to the usefulness of the testimony to the trier of fact. State, Dept. of Transp. and Development v. Jacob, 491 So.2d 138 (La.App. 3 Cir.1986). The DOTD claims that the trial court erred in awarding SDS expert witness fees, because based on the award of damages the jury disregarded the | citestimony given by SDS’ experts. This Court rejects that argument. SDS was successful in proving its inverse condemnation case because it established such a taking through expert testimony. This assignment is without merit.
Lastly, this Court, considering SDS’ request for additional attorneys’ fees for defending this appeal. Considering the size of the record and the complexity of the litigation this Court has determined that attorneys’ fees in the amount of $10,000.00 for hours expended post trial are hereby awarded to the appellee, SDS, Inc.
For the reasons discussed we affirm the trial court’s determination of law, the jury’s award of damages, together with attorneys’ fees and costs. Additionally we award $10,000.00 in post trial attorneys’ fees.
AFFIRMED AS AMENDED.

. Property shall not be .taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into the court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss ... La. Const. Art. I, § 4, cited in Avenal v. State of Louisiana and Dept. of Natural Resources, 03-3521, pp. 25-26 (La. 10/19/04), 886 So.2d 1085, 1103.

. Article 667 read as follows:
Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazar-dous activity as used in this Article is strictly limited to pile driving or blasting with explosives.
Article 668 reads: ■
Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbors's [neighbor's] house, because this act occasions only an inconvenience, but not a real damage.

. La. R.S. 13:5111(A) reads as follows:
A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as- are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking.