STOKER, Judge.
This is an expropriation suit instituted on May 9, 1989, by the State, DOTD, under LSA-R.S. 48:441, et seq., for the purpose of widening Keyser Avenue, a state highway within the city and parish of Natchitoches. This suit arises from the taking of a fifteen by sixty-five foot strip of improved commercial land owned by Sam Nelken. The land has sixty-five feet of frontage on the south side of Keyser Avenue and is located in front of a commercial building owned by Nelken. The land contained six concrete parking spaces which constituted the only off street parking for Nelken’s building.
The State, DOTD deposited $77,430 into the registry of the court for payment as follows: $5430 for land taken and improvements taken, and $72,000 for severance damages. Nelken answered the petition claiming additional compensation owed, primarily for economic losses.
The trial judge held the State, DOTD ha-ble for compensation as follows:
$ 91,074 Severance damages
3,822 Value of land taken
4,404 Value of improvements taken
136,059 Economic losses
$235,359 Total
The trial judge also awarded interest, 25% attorney fees and expert witness fees to Nelken. However, the trial judge denied Nelken’s demand for $89,810 for remodeling costs, concluding that it was duplicative of the severance damages awarded.
The State, DOTD, appeals the judgment insofar as the amounts awarded for economic losses, expert witness fees and attorney fees. Nelken has answered the appeal seeking an additional $89,810 for remodeling costs. We affirm the denial of Nelken’s claim for remodeling costs; we amend the judgment of the trial court to include a reversal of the award of $136,059 in economic losses.
OPINION
Standard of Review
In the event of an expropriation, the Louisiana Constitution, Art. 1, Sec. 4, provides for compensation to the condemnee “to the full extent of his loss.” The determination of what will compensate an individual “to the full extent of his loss” must be made on the basis of the facts of each case and in accord with the uniqueness of the property taken. Such findings by the trial court will not be disturbed in the absence of manifest error. When an expert’s well reasoned testimony supports an award of damages and is accepted by the trier of fact, the property owner should prevail. Naquin v. Dept. of Trans. and Dev., 604 So.2d 62, 65 (La.App. 1st Cir.), writ denied, 608 So.2d 169 (La.1992), and cases cited therein.
Economic Losses
The State, DOTD contends on appeal that the trial judge erred in awarding Nelken *1282 $136,059 for economic losses resulting from relocating his Louisiana Gourmet business from Keyser Avenue to a new location and from additional operating expenses incurred at the new location, based on the testimony of Dr. Melvin Harju, an expert in the field of economics. The State, DOTD also contends the trial judge erred in apparently inferring that Dr. Harju had testified as to Nelken’s loss of rental income, when in fact he had testified as to relocation and additional operating expenses which would be incurred by Nelken in moving the Louisiana Gourmet out of the Keyser Avenue building. We note that the trial judge characterized Dr. Harju’s testimony as supporting an award for economic loss to business operations.
We find that the economic losses claimed by Nelken for relocating the Louisiana Gourmet and for operating it in the new location, for which he was awarded $136,059, are spurious because the relocation is necessitated solely by Nelken’s own failure to mitigate his damages.
Formal notice of the impending expropriation was given and negotiations for acquisition of the land began in September 1987. The State, DOTD made a final offer to Nelken in October 1988. An order of expropriation was signed on May 12, 1989.
At the time, Nelken had two lessees in the building. The lessee who rented most of the leased portion of the building was the Department of Public Safety, Division of Motor Vehicles. The lease to the Department of Public Safety expired in June 1988 and was not renewed, apparently due to the expected loss of parking. The other lessee, a barber shop, allegedly moved out about three months before the October 1991 trial of this matter. Since the building was constructed, Nelken has continuously occupied a portion of it as a residence and a law office.
In April or May of 1989, Nelken moved a business owned by him, the Louisiana Gourmet, from Broussard, Louisiana to his building in Natchitoches. Now, allegedly as a result of the taking of his property, Nelken claims he must again move the Louisiana Gourmet elsewhere so that he will have sufficient interior space and parking for the business. He claims loss of interior space due to remodeling the building to make it smaller in order to create a new parking lot.
We find the State, DOTD is correct in its contention that Dr. Harju testified as to the cost of operating the Louisiana Gourmet elsewhere than on Keyser Avenue, based on Nelken’s work life expectancy, including the additional costs for utilities, liability insurance, rent, another full time employee, and “Nelken time loss” (the value of the time Nelken will have to spend driving to and from the business.) The State, DOTD is also correct in its contention that the trial court erred as a matter of law in awarding these expenses to Nelken. We find that Nelken is not to be entitled to relocation benefits of any kind for the reason that he moved the Louisiana Gourmet into the building long after he received notice of the expropriation and became aware that the off street parking would be lost.
In Polk v. State, through DOTD, 538 So.2d 239 at 249 (La.1989), the supreme court alluded to the fact that a person (or business) which moves onto real property while negotiations are underway for acquisition of that property (in whole or in part), as part of a public project, may be disqualified from receiving relocation expenses. The apparent underlying rationale is based on the eondemnee’s duty to minimize, or mitigate, his damages as much as possible. See Naquin, 604 So.2d at 67; Redevelopment Agency v. Drummond, 491 So.2d 124 (La.App. 3d Cir.), writs denied, 496 So.2d 330, 332 (La.1986).
We believe that Nelken should not be awarded relocation expenses since he moved the Louisiana Gourmet into the Keyser Avenue building while negotiations were underway for the expropriation of the building’s off street parking. In doing so, he knowingly failed to minimize his expenses since he knew he would need to move the business out of the Keyser Avenue building when he lost the off street parking. The state is not obligated *1283 to pay for either the first business move from Broussard (which was due to reasons other than the expropriation) or the second move from Keyser Avenue. Had Nelken simply moved the Louisiana Gourmet to a place in which it could remain to begin with, he would not have needed to move it a second time and could have earned rental income from the building in the meantime (albeit at reduced rates).
Nelken argues that he moved the Louisiana Gourmet into the building in April or May of 1989 because he could not find anyone else who wanted to lease the space. However, we note that Nelken leased some of the space to a barber shop through about July 1991. Nelken has been awarded compensation for loss of rental value, from the time of the taking in May 1989, in the form of severance damages. Thus, whereas before the expropriation Nelken had only one asset, i.e. the leased building which could produce income, he now has two assets, namely the leased building (at necessarily reduced rental rates) and the cash asset of $99,300, which can produce income. See State, DOTD v. Anderson, 568 So.2d 657 (La.App. 3d Cir.1990). Nelken has been fully compensated for his loss without the need for an additional award for the cost of relocating his Louisiana Gourmet business a second time.
Moreover, we find that even if Nelken were entitled to an award for relocation expenses, we would have to reverse the $136,-059 award for economic losses because it is speculative. Dr. Harju’s calculations are based, inappropriately, on Nelken’s work life expectancy and, in some respects, are not supported by proof of actual expenses. See State, DOTD, v. Dietrich, 555 So.2d 1355, 1359 (La.1990); State, DOTD v. Messenger, 556 So.2d 906, 909 (La.App. 3d Cir.1990), and cases cited therein. Also, Naquin, 604 So.2d at 68; State, DOTD v. Crawford Business Trusts, 538 So.2d 1078 (La.App. 3d Cir.), writ denied, 542 So.2d 1381 (La.1989).
Accordingly, we reverse the award to Nelken of $136,059 for economic losses.
Expert Witness Fees
The State, DOTD next argues that it should not be cast in judgment for the expert witness fees of the economist, Dr. Harju ($2670), of Oscar Butler, an architect ($3200), and of Ronald Smith, a building contractor ($647.50). However, at the oral argument of this case, counsel for the State, DOTD conceded the correctness of the expert witness fee awards for Butler and Smith. Therefore, these awards will not be discussed.
In expropriation proceedings, the condemning authority is taxed with the reasonable costs of the testifying expert witness retained by the landowner to assist him in obtaining his just compensation. The fixing of expert witness fees is largely within the sound discretion of the trial court, and the trial court’s fixing thereof will not be disturbed in the absence of abuse of discretion. In fixing expert witness fees, each case must turn on its own peculiar facts and circumstances. State, DOTD v. Jacob, 491 So.2d 138, 142 (La.App. 3d Cir.), writ denied, 496 So.2d 331 (La.1986), and cases cited therein. The assessment of a fee for an expert witness must be based on the relative usefulness of his testimony. Preparatory work done by the appraiser that was reasonably necessary to establish the value of the property must be considered. Redevelopment Agency, 491 So.2d at 131, and cases cited therein; State, DOTD v. Jacob, 491 So.2d at 142.
The testimony of Dr. Harju as to Nelken’s economic losses has been rejected by this court. We note that Dr. Harju’s calculations were not used by the other experts in arriving at their conclusions, although real estate appraiser Randy LaCaze added Dr. Harju’s economic loss total to his own figures at the end of his report, in summarizing Nelken’s total damages from the expropriation. Essentially, Dr. Harju’s testimony was not useful in determining the award to Nelken; therefore, the trial court’s award to Nelken of $2670 for Dr. Harju’s expert witness fee is reversed.
Attorney Fees
Finally, the State, DOTD argues that the award of attorney fees should be reduced since the award to Nelken is reduced. We agree. However, the trial judge *1284 simply awarded attorney fees of 25% of the difference between the amount of compensation awarded and the amount deposited by the State, DOTD. The State, DOTD admits in brief that the 25% figure is reasonable and we agree. Therefore, the amount of attorney fees awarded to Nelken will remain at 25% of the difference between the amount of compensation awarded and the amount deposited by the State, DOTD, or $5467.50 (25% of $99,300 — $77,430).
Remodeling Costs
Nelken answered the appeal arguing the trial judge erred in failing to award $89,810 for remodeling costs. The figure is derived from the estimated charges of an architect and a contractor to move the front wall of Nelken’s building back, away from Keyser Avenue, in order to create space for a new off street parking lot. The trial judge correctly determined that this element of damages was already incorporated in the severance damages award. The trial judge relied on the testimony and appraisals of Randy LaCaze in awarding severance damages.
LaCaze evaluated Nelken’s severance damages through both the cost to cure approach, which is based on remodeling, and the income approach, which is based on decreased rental income due to loss of off street parking. LaCaze determined that the income approach resulted in the lowest amount owed by the state and, thus, was the proper method by which to calculate severance damages. Therefore, LaCaze’s testimony and' appraisal report indicate consideration of remodeling costs in the award of severance damages. Moreover, we find nothing to distinguish the claim for remodeling costs from the traditional severance damage award of diminished value.
The trial judge did not clearly err in denying an award of remodeling costs as duplica-tive of the severance damages award.
DISPOSITION
For the reasons given, the judgment of the trial court is reversed insofar as it awarded $136,059 damages for economic losses and $2670 for Dr. Harju’s expert witness fee. The judgment of the trial court is modified to reduce the award of attorney fees to $5467.50. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed to defendant-appellant, Sam Nelken.
REVERSED IN PART; MODIFIED IN PART; AFFIRMED IN PART; RENDERED.