# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-83

DELHI PLANTATION, LLC, ET AL.

VERSUS

FIFTH LOUISIANA LEVEE DISTRICT, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 50997
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

**Virgil Russell Purvis, Jr.**
**Bradley R. Burget**
**Smith, Taliaferro & Pruvis**
**P. O. Box 298**
**407 Mound Street**
**Jonesville, LA 71343**
**(318) 339-8526**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Delhi Plantation, LLC**
    **Allred Land Company, Inc.**
    **Richard Calvin Alwood**

**Patrick B. McIntire**
**Lawrence E. Marino**
**Oats & Marino**
**100 East Vermillion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Louisiana Department of Transportation and Development**

**John D. Crigler, Jr.**
**Bishop, Paxton, Crigler & Moberley**
**P.O. Box 97**
**124 Hancock Street**
**St. Joseph, LA 71366**
**(318) 766-4892**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Fifth Louisiana Levee District**

**ORTEGO, Judge.**

This is an appeal from the trial court awarding Plaintiffs attorneys' fees of $440,570.49 and $173,054.34 in expert fees and costs, with legal interest "from [the] date of judicial demand until paid," as to the previous trial on the merits where appropriation of properties for a levee project was at issue. Appellants now appeal. For the following reasons, we reverse in part, affirm in part, and render.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs in this matter are Allred Land Company, Inc., Delhi Plantation, LLC, and Richard Alwood (collectively, Landowners). Defendants in this matter are the Fifth Louisiana Levee District (Levee District) and the State of Louisiana through the Department of Transportation and Development (DOTD). Following are the facts and procedural history from the previous appeal to this court:

> The three plaintiffs are all members of the Alwood family and own approximately nine hundred and eighty acres along the Mississippi River in Concordia Parish. The mainline Mississippi River Levee runs through the properties. Allred Land Company, Inc. is owned by John Alwood; Delhi Plantation, LLC is owned by the children and grandchildren of Carolyn Alwood; and the remainder of the properties are owned by Richard Alwood.

> The Levee Board sent letters to the Alwoods on April 6, 2015, notifying them that resolutions of appropriation had been passed on February 18, 2015, and the Levee Board had adopted resolutions of appropriation of Alwood lands for a project titled Flood Control/Mississippi River & Tributaries, West Bank Mississippi River Levees, Waterproof to Upper Lake Concordia, Louisiana, Levee Enlargement and Berms, Item 374-R (the project) on April 6, 2015. The purpose of the project was to expand the existing levee. The project was managed by the Corps of Engineers, and much of the dirt for raising and strengthening the levee was excavated from Plaintiffs' properties in the form of borrow pits. Ryan McMillin of the DOTD performed a batture analysis to calculate how much of the borrow pit was in the batture. The Levee Board then retained an appraiser, Gregg Wilbanks, Jr., to value the properties taken.

> On March 8, 2016, the Levee Board informed plaintiffs that the appraisals had been done by a DOTD approved appraiser. The appraisals consisted of permanent and temporary servitudes. The Levee Board submitted offer letters to each plaintiff, offering to pay the appraised value for the properties taken, though no compensation was offered for what

DOTD determined was batture. The Levee Board made the following offers:

Delhi Plantation, LLC—$66,288.00

Allred Land Co.—$22,062.00

Richard Alwood—$69,709.00

Plaintiffs refused to accept the offers and filed suit against the Levee Board for compensation on October 4, 2017. Plaintiffs also named the Louisiana Department of Natural Resources (DNR) as a defendant. On April 23, 2018, DNR filed a motion for summary judgment seeking dismissal. On June 5, 2018, Plaintiffs filed a first amended and supplemental petition for damages substituting DOTD in place of DNR. DNR's motion for summary judgment was decreed moot.

A bench trial was conducted beginning on September 20, 2021. Trial continued September 21, 23, 24, and December 10, 2021. At the conclusion of trial, the trial court took the matter under advisement. On July 20, 2022, the trial court rendered judgment in favor of Plaintiffs. The trial court found that the properties were not subject to the levee servitude and that none of the land was batture. The trial court then awarded each plaintiff compensation for:

1. The value of the dirt excavated from the borrow pit, priced by the cubic yard;

2. The value of lost Conservation Reserve Program (CRP) payments;

3. The value of the land taken on the river side of the levee;

4. The value of the land taken for berm construction on the protected side of the levee; and

5. Severance damage for land on the river side of the levee for which access was cut off.

Richard Alwood was awarded $686,511.21; Delhi Plantation was awarded $940,995.88; and Allred Land Company was awarded $292,833.86. The total amount awarded was $1,920,340.95.

*Delhi Plantation, LLC v. Fifth La. Levee Dist.*, 22-666, pp. 2-4 (La.App. 3 Cir. 5/24/23), 371 So.3d 470, 474-75, *writs denied,* 23-1127, 23-1141 (La. 11/15/23), 373 So.3d 74, 81.

Judgment was signed and issued on July 20, 2022.  Thereafter, Landowners filed a motion for attorneys' fees, expert witness fees, and costs.  Following a hearing on September 8, 2022, the trial court awarded attorneys' fees of $440,570.49 and $173,054.34 in expert fees and costs, with legal interest "from [the] date of judicial demand until paid."  On January 11, 2023, an order granting this current appeal from the judgment awarding Landowners attorneys' fees, costs, and judicial interest was issued.  While this current appeal was pending, this court, in *Delhi Plantation, LLC*, 371 So.3d 470, reversed the trial court and rendered judgment in favor of Richard Alwood for $57,819.05, Delhi Plantation for $26,529.86, and Allred Land Company for $18,052.65 against the Levee Board.  Further, this court rendered judgment dismissing DOTD, with prejudice.  Thereafter, Landowners filed supervisory writs to the Louisiana Supreme Court.

As all litigants agreed, this current appeal dealing with the issues and awards of attorneys' fees, costs, and judicial interest is directly related to the results of the underlying case on the merits and its pending appeal.  Therefore, by joint motion, this appeal was stayed pending the results of the Landowners' writ application to the supreme court.  On November 15, 2023, writs were denied by the supreme court as to the underlying case, thus, the judgment of this court in *Delhi Plantation, LLC*, 371 So.3d 470, and resulting dismissal of DOTD and awards to Landowners became final as to the merits of that case, and this appeal.

**<u>ASSIGNMENTS OF ERROR</u>**

I.    The Trial Court erred in awarding attorneys' fees of $440,570.49.

II.   The Trial Court erred in awarding costs of $173,054.34.

III.  The Trial Court erred in providing for legal interest on costs from the date of judicial demand, rather than from the date of the Judgment.

IV.   The Trial Court erred in assessing DOTD with 25% of attorneys' fees and costs.

I.      Landowners are entitled to additional attorneys' fees for work done on this appeal.

## STANDARD OF REVIEW

The four assignments of error question awards for attorneys' fees, costs, and interest. These issues are reviewed using the abuse of discretion standard. *State, Dep't of Transp. & Dev. v. Nelken*, 628 So.2d 1279 (La.App. 3 Cir.1993), *writ denied*, 94-253 (La. 3/8/94), 634 So.2d 860.

## LAW AND DISCUSSION

I.      *Assignments of Error Numbers One through Three*

As discussed above, this case is closely connected with a prior appeal in this court, *Delhi Plantation, LLC*, 371 So.3d 470. The earlier appeal dealt with the merits of an award, after a trial, for appropriations of properties for a levee project. This appeal deals with the award of attorneys' fees and costs for that same trial.

The first three assigned errors involve attorneys' fees, costs, and legal interest, and all litigants now agree that two of these claims/issues, specifically attorney's fees and costs, have changed pursuant to the prior appeal and resulting awards which are now final.

*Attorneys' Fees and Costs:*

The statute pertinent to these issues, La.R.S. 38:301(C)(2)(f), states:

> Reasonable attorneys' fees may be awarded by the court if the amount of the compensation found to be due by the state, the levee board, or the federal government is less than the amount of compensation awarded in any judgment seeking additional compensation. The attorneys' fees shall not exceed twenty-five percent of the difference between the award and the amount found to be due by the state, the levee board, or the federal government.

Here, as Appellants argue and Appellees conceded at oral arguments, the issues and awards of attorneys' fees and costs/expenses awarded by the trial court, pursuant to this statute, are now moot. Specifically, because the final awards to Appellees/ Landowners for the expropriation of their properties are not less than that which was

offered to them by the Levee Board, the Appellees awards of attorney's fees and costs are moot pursuant to La.R.S. 38:301(C)(2)(f).

Therefore, this court finds that the awards of attorney's fees and costs to be moot, and thus, the judgment of the trial court granting an award of attorneys' fees and costs to Appellees is reversed and set aside.

*Legal Interest:*

Appellants originally argued that the trial court erred in granting legal interest on costs awarded from the date of judicial demand rather than from the date of judgment. Pursuant to the final judgment, awards, and dismissal rendered by *Delhi Plantation, LLC,* 371 So.3d 470, Appellants now argue that the award of judicial interest on costs is also moot and should be reversed.

On the other hand, Appellees argue that even pursuant to the final judgment rendered by *Delhi Plantation, LLC,* 371 So.3d 470 that legal interest from date of judicial demand should be maintained.

The trial court's judgment specifically granted $173,054.34 in expert fees and costs, with legal interest "from [the] date of judicial demand until paid." However, as discussed above, we have reversed the trial court's awards of attorneys' fees and costs to Appellees/Landowners. Therefore, we find that there is no basis to award judicial interest on costs, as there is no basis to award costs. Accordingly, the judgment of the trial court granting an award of legal interest from the date of judicial demand until paid to Appellees is reversed and set aside.

II.     *Assignment of Error Number Four – DOTD's Percentage of Attorneys' Fees*

The fourth assignment of error involves DOTD's percentage of attorneys' fees. First, the final judgment dismissed DOTD. Second, we found no basis for any award for attorneys' fees. Thus, this assignment of error is pretermitted.

*III.    Ancillary Matter – Additional Attorneys' Fees for Appeal Work*

Appellees/Landowners requested additional attorneys' fees for work done on appeal.  Attorneys' fees are proper for appellate work when they are granted at the trial level to keep the appellate judgment consistent with the underlying judgment. *Wilczewski v. Brookshire Grocery Store*, 08-718 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170.  In this appeal, the final award is such that Appellees are not entitled to attorneys' fees.  Thus, we find no basis to award attorneys' fees for work done on appeal.

## DECREE

Appellants/Defendants raise four assignments of error.  The first three were rendered moot and the fourth pretermitted by *Delhi Plantation*, *LLC*, 371 So.3d 470. Additionally, we deny Appellees/Landowners' request for attorneys' fees for work done on appeal.  Costs of these proceedings are assessed to Appellees/Landowners.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**